Clarkson v. Mullin.

---

J. D. CLARKSON, Appellant, v. LON MULLIN, Respondent.

Kansas City Court of Appeals, May 20, 1895.

Evidence: FORECLOSURE OF MORTGAGE: VALUE OF PROPERTY. In an action on a promissory note, where the mortgage securing the same gave the mortgagee power to purchase the mortgaged property at foreclosure and had been foreclosed, it is error to admit evidence tending to show that the mortgagor resold the property at an advanced price.

*Appeal from the Jasper Circuit Court.*—HON. C. H. MONTGOMERY, Special Judge.

REVERSED AND REMANDED (*with directions*).

*H. L. Shannon* for appellant.

(1) The note being due the plaintiff was the legal owner of the property mortgaged to secure it and was entitled to its possession at the time it was taken by said plaintiff. Jones on Chattel Mortgages [3 Ed.], chap. 16, p. 635, sec. 705; *Moore v. Ryan*, 31 Mo. App. 474. (2) The mortgage contains a power of sale and a condition that the mortgagee, its successors or assigns, agent or attorney might become the purchaser of the mortgaged property at any public sale under the mortgage; therefore the plaintiff's purchase of the property was valid. Jones on Chattel Mortgages [3 Ed.], chap. 18, pp. 718, 719, sec. 806; *Dobson v. Racy*, 4 Seld. 216; *Elliott v. Wood*, 45 N. Y. 71; *McNees v. Swaney et al.*, 50 Mo. 390; 6 Lawson's Rights, Remedies and Practice, p. 5017, sec. 3085. (3) Even if the plaintiff had had no right to purchase, the sale was not void, only voidable, and good for all purposes and as to all the world, excepting only that the mortgagor had the right to redeem. *Allen v. Ransom et al.*, 44 Mo. 263; *Reddick v. Gressman*, 49 Mo. 389; *Giraldin v. Howard*, 103 Mo. 40. Consequently a plea and evidence of conversion was no defense in this case and the request of the plaintiff for an instruction to the jury to find the issues in his favor should have been granted.

No brief for respondent.

SMITH, P. J.—This was a suit on a promissory note. The defense interposed by the answer of the defendant was that the note sued on was secured by a mortgage, covering certain chattels and that the plaintiff sold the mortgaged chattels and purchased the same at his own sale; that said chattels were, at the time of the sale, of the value of $700, an amount in ex-

cess of the mortgage debt; that plaintiff converted the mortgage chattels to his own use, whereby said note was paid.

From the undisputed evidence introduced at the trial, it was proved that the plaintiff had become the owner of the note by purchase, for value; that when the note matured, he took possession of the mortgaged chattels and proceeded to sell the same, in accordance with the provisions of the mortgage, to satisfy the debt therein mentioned; that, at the sale, which was at public auction, there was no bid therefor except the plaintiff's, who bid $300 therefor; that thereupon the plaintiff knocked the same off to himself at that price and sum; that there were two notes mentioned in the mortgage, one for $200 and the other for $400, and that out of the amount for which he had become the purchaser of the mortgaged chattels, he applied $37.80 to the payment of the expenses of moving, storing, advertising and selling the chattels; also $100 as a credit on the $400 note sued on, and also $100 on the $200 note. It was shown by the testimony of several witnesses that, in their opinion, the chattels were worth, at the time of the sale, from $500 to $800.

The defendant was permitted, over the objection of plaintiff, to introduce evidence tending to show that plaintiff kept the mortgaged chattels some eight months after the sale and purchase by him, and that he spent $300 in the meantime, in repairing the same, and then sold them for $800 on a credit of two years' time. The mortgage, which was introduced in evidence, contained, among others, a provision for the sale of the chattels covered by it, at either private or public sale, with or without notice, for cash, or on a credit; and that at any sale at auction, the mortgagee "its successors, or assigns, agent or attorney, may become the purchaser," etc.

The power of the mortgagee or its assignee to purchase at a sale made at auction by either, was expressly conferred by the mortgage. The sale and purchase made by plaintiff, under such power, was in all respects valid. *Moore v. Thompson*, 40 Mo. App. 200; *McNees v. Swinney*, 50 Mo. 390; *Dobson v. Racy*, 4 Seld. 216; *Elliott v. Wood*, 45 N. Y. 71; Jones on Chat. Mort., sec. 806; 6 Lawson R., R. & Prac., sec. 3085. The integrity of the transaction of the sale and purchase by plaintiff is not challenged. The sale had the effect to foreclose the defendant's equity of redemption in the chattels. It is impossible to discover upon what principle the evidence showing at what price the plaintiff had resold the mortgaged chattels after his purchase was admitted. This evidence was wholly immaterial. The defense seems to have been grounded upon the erroneous idea that the plaintiff was not authorized to purchase the mortgaged chattels at the sale made by him. The defendant entirely failed to make out his defense. The court should have given the plaintiff's peremptory instruction to the jury, to find for the plaintiff; and for its error in failing to do so, the judgment will be reversed and the cause remanded with directions to the circuit court to give judgment for plaintiff for the amount of the principal and interest due on said note, less the credit thereon indorsed. All concur.