KINGMAN & COMPANY, Appellants, v. G. D. HILL *et al.*, Respondents.

Kansas City Court of Appeals, November 1, 1897.

1. **Chattel Mortgage:** FORECLOSURE: MORTGAGEE: PURCHASER: DEFENSE. Where the mortgage authorizes the mortgagee to purchase at the foreclosure sale, such purchase will not invalidate the sale, and at all events the mortgagee's purchase is a matter of defense that should be pleaded and proved.

2. ————: ————: INADEQUACY OF PRICE. Inadequacy of price unaccompanied with fraud is not a distinct ground for relief in equity, and the inadequacy must be such as to demonstrate the presence of fraud.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED (*with directions*).

*J. T. James* for appellants.

(1) The mortgage gave power to the mortgagee, its successors or assigns, agent or attorney, to purchase at auction sale. The sale and purchase by plaintiff under that power were in all respects valid and good

Kingman & Co. v. Hill.

at law. *Clarkson v. Mullin*, 62 Mo. App. 622, and cases cited in the opinion; *Parker v. Roberts*, 116 Mo. 657. (2) The notice complied with the terms of the chattel mortgage and was sufficient. *Ohnsorg, Adm'r, v. Turner*, 87 Mo. 127. (3) The object of the notice of sale is to notify the public, and not the mortgagor, that bidders may be present. *DeJarnett v. DeGivenville*, 56 Mo. 440. (4) The chattel mortgage sale was open, public and fair, in every respect complying with the power of sale, and the court will not interfere. *McNees v. Swaney*, 50 Mo. 388, and cases cited in opinion. (5) After sale upon default in payment of the mortgage debt, the only right which the mortgagor has is to require an accounting from the mortgagee of the proceeds of sale. Jones on Chattel Mortgages, sec. 712. (6) Evidence showing at what price the property was sold six or eight months after the purchase by plaintiff at the chattel mortgage sale is wholly immaterial and should not have been admitted. *Clarkson v. Mullin*, 62 Mo. App. 622. (7) Mere inadequacy of price, untainted with fraud, will not warrant setting aside a sale under a power in deed of trust or mortgage. *Routt v. Milner*, 57 Mo. App. 50; *Harlin v. Nation*, 126 Mo. 97; *Hardwicke v. Hamilton*, 121 Mo. 465; *Maloney v. Webb*, 112 Mo. 575. (8) Fraud is never presumed but must be proved. *Hardwicke v. Hamilton*, 121 Mo. 465; *Gordon v. Ismay*, 55 Mo. App. 323.

GILL, J.—This is a suit on a promissory note for $400 executed by defendants in June, 1890, and due by its terms October 1, 1892. In their answer defendants admit the execution of the note, and then proceed to allege that the same, together with another note of like amount, was given as the balance of the purchase price of a certain separator, traction engine and threshing outfit which defendants

STATEMENT.

purchased from plaintiffs; that to secure the payment of these notes defendants made to plaintiffs a chattel mortgage covering the machine, wherein it was stipulated that if defendants made default in the payment of either of said notes plaintiffs might take possession of the property and sell the same at public auction, first giving the notice required by said mortgage. Defendants then admit that they failed to pay the notes as agreed, and that they surrendered the threshing outfit to plaintiffs, and that plaintiffs took possession and then pretended to make sale thereof in accordance with the terms of the chattel mortgage; but that said sale was not had as required by said mortgage; that it was not a public sale, was not fairly conducted nor was proper notice given, and that by reason thereof no bidders were present excepting persons employed by the plaintiffs to bid in their behalf; and that as a consequence plaintiffs bid in the property at a merely nominal price; that the property was at the time worth $800, and that plaintiffs subsequently sold the same to another party for that sum. Defendants prayed the court to take an account as to the sale subsequently made by plaintiffs and charge it with the net sum realized from the machine and credit the amount on the note in suit, etc.

The cause was tried before the court, who rendered judgment for defendants and plaintiffs appealed.

This judgment can not be allowed to stand. There is not a shadow of evidence contained in the record that sustains the finding of the trial court. The charge that the sale was unfairly conducted, that it was not publicly made in pursuance of the notice required by the mortgage, or that defendants were in any manner wrongfully or illegally deprived of their property, is wholly unsupported by the testimony given at the trial.

The facts, briefly stated, are these: That in June, 1890, defendants purchased from plaintiffs this machine

and its appurtenances then new, at the agreed price of $1,600, payable in installments of $400 each. Defendants took the same and used it for the period of three threshing seasons, and in the meantime paid two installments, leaving a balance of $800 for which they gave the note in suit and another for a like amount. At the end of the third season defendants—concluding, as they testify, that it was not profitable to run the machine any longer—took the same into a lot at Carthage and by letter informed plaintiff where the property could be found and that they had abandoned it. Thereupon the plaintiff—the note in suit having matured and remaining unpaid—sent an agent to take charge of the machine and to proceed to foreclose the mortgage given for the security of the unpaid balance. This was done, and the property was in due time sold at public sale in pursuance of a notice given as required by the mortgage. The sale was conducted openly and publicly and without a semblance of unfairness. It attracted the presence of some thirty people, some of whom bid on the property; but after several offers the parties ceased bidding and the auctioneer "knocked it off" to the highest bidder who was the plaintiffs' agent.

It is true that at this sale the mortgagee purchased at its own sale, but defendants can not and do not make complaint of this; for though the mortgage is not copied in the record, it seems to be conceded that by its terms the mortgagee was authorized to purchase. At all events, if such was not the fact this was a matter of defense that defendants should set up and prove.

CHATTEL mortgage: foreclosure: mortgagee: purchaser: defense.

The only matter of hardship appearing in the whole transaction is that the machine seems to have sold at a low figure; it brought only $80. But "it is well settled that inadequacy of price, unaccompanied

with fraud or unfair dealing, is not a distinct ground for relief in equity jurisprudence. There are sometimes cases of such unconscionableness or inadequacy in a bargain, that they demonstrate some gross imposition or some undue influence, and there the interference is placed upon the satisfactory ground of fraud." *Phillips v. Stewart*, 59 Mo. 491; *Routt v. Milner*, 57 Mo. App. 50; *Harlin v. Nation*, 126 Mo. 97.

*—: —: inadequacy of price.*

There is no such *unconscionableness* or inadequacy in this case as to suggest fraud. It is a well known fact that old, second hand machinery can ordinarily find purchasers only at greatly reduced prices. This property had been in use for three harvest seasons, and, as the evidence shows, was considerably out of repair. And because the plaintiffs took the same and put it in good condition, and were thereby able to sell it again at several times the cost it brought at such public sale, ought not to impeach the character of such sale. This was no defense to the action. *Clarkson v. Mullin*, 62 Mo. App. 622.

Under the evidence adduced at the trial the plaintiffs were clearly entitled to recover on the note in suit. The judgment of the circuit court will therefore be reversed and the cause remanded with directions to enter the judgment here indicated.

All concur.