CARPENTER *v.* CARPENTER.

Opinion delivered November 23, 1908.

COVENANT OF WARRANTY—EVICTION—NOTICE.—A judgment for the recovery of land against a covenantee in possession, rendered after notice to the covenantor of the pendency of the suit, is conclusive of the existence of a paramount outstanding title in another, and constitutes an eviction entitling the covenantee to his action on the covenant.

Appeal from Craighead Circuit Court, Lake City District; *Frank Smith,* Judge; affirmed.

*Allen Hughes* and *Charles D. Frierson,* for appellant.

1. Neither knowledge of pendency of the action against the covenantee, nor even the fact that the warrantor is called to testify as a witness in the case, is such notice to the warrantor as is contemplated by law; but, on the contrary, he must have notice from the covenantee requiring him to defend in the action, and this notice must be distinct and unequivocal, preferably in writing, although some courts have held verbal notice to be sufficient. 2 Black on Judg. § 569; 8 Am. Eng. Enc. of L. 2d Ed., 205; 1 Jones on Conveyancing, § 924; 11 Cyc. 1105, note 90; Rawle on Covenants for Title, (5 Ed), § 119; 58 S. E. 568; 19 S. W. 640; 2 Devlin on Deeds, § 935; 6 Mo. App. 588; 24 Wis. 417; Freeman on Judg., § 181; 62 Tex. 531; 38 Mich. 132; 20 Ind. App. 26; 87 Ky. 82; 65 Tex. 235; 9 Cal. 213.

2. The decree of the chancery court is not *prima facie* evidence of paramount title. 8 Am. & Eng. Enc. of L. (2 Ed.), 207, and cases cited; 2 Black on Judg., § 571; 1 Jones on Conveyancing, § 923; Rawle on Covenants for Title, § 123; 2 Devlin on Deeds, § 937; 86 Pac. 411; 8 Nev. 190; 109 Wis. 316; 50 Pac. (Wash.), 932; 30 S. E. 656; 117 Ga. 845.

*Lamb & Caraway,* for appellee.

1. The decree in the case of Clove Carpenter against appellee is conclusive of the rights of appellant in this case. He had, as is conclusively shown, full information as to the nature of the suit, the parties, their rights and interests, and knew and approved the defense made, voluntarily testified as a witness, and repeatedly conferred with counsel. Notice in writing from ap-

pellee to him was not necessary.  57 Miss. 275; 15 Wend. (N. Y.) 426; 24 Wis. 417; 19 Ark. 447; 52 Ark. 325.

2.  If not conclusive of the rights of appellant, the decree in that case is at least *prima facie* evidence of paramount title.  4 Bin. (Pa.) 352; 13 Vt. 379; 57 Miss. 275; 3 Watts (Pa.), 306; 9 Lea (Tenn.), 455; 2 *Id.* 533; 5 Watts (Pa.), 323; 38 Mich. 132.

HART, J.  This is a suit brought by W. A. Carpenter against J. T. Carpenter in the Craighead Circuit Court for breach of warranty of title to certain lands in said county.

The complaint alleges that on November 1, 1901, appellant conveyed to appellee the lands in controversy, and in his deed warranted and covenanted that he was the owner in fee simple of said land, and had full and lawful right to convey the same.  That appellant was not the owner of said land, and had no right, title or claim thereto, but that Clove Carpenter was the rightful owner. That at the November term, 1905, of the Craighead Chancery Court for the Eastern District, in a case therein pending wherein Clove Carpenter was plaintiff and the appellee and others were defendants, a decree was rendered by said court vesting the title to said lands in Clove Carpenter and divesting the title thereto out of the plaintiff.  Judgment was prayed for the recovery of the purchase price of the land, $600, and interest.

The answer admitted that the appellant, on November 12, 1901, made to the appellee the deed described in the complaint, with covenants as therein alleged; that the defendant at the time aforesaid and for a long time prior thereto was and had been the owner in fee simple of the land described in the complaint; was in possession of the same at the time said deed was made, and forthwith delivered said land to the plaintiff; denied that at the date of said conveyance Clove Carpenter was the owner of the land or had any right, title or interest therein; admitted that at the November term, 1905, of the Craighead Chancery Court for the Eastern District, in a cause therein pending wherein Clove Carpenter was plaintiff and W. A. Carpenter and Penelope Carpenter, his wife, and J. C. Hall as trustee for the New England Security Company were defendants, a decree was rendered in said court, decreeing the title to said lands to be in said Cove Carpenter, and not in the plaintiff.

A jury was waived, and the case was heard by the court sitting as a jury, and upon consideration of the evidence the court gave judgment for the plaintiff.

W. A. Carpenter testified substantially as follows: I am a brother of J. T. Carpenter and a cousin to Clove Carpenter. Clove Carpenter is a son of J. W. Carpenter. I paid J. T. Carpenter $600 for the lands in controversy. Clove Carpenter brought suit against me for the lands, claiming to own them under a prior title. A few days after Clove Carpenter brought suit against me I met my brother, J. T. Carpenter, and told him about the suit. He told me not to be uneasy; that Clove Carpenter could not get the land, but that if he did he would pay every dollar of my money back. That he had frequent conversations with his brother about the conduct of the trial and that his brother was a witness in the case. The case was determined in favor of Clove Carpenter, and the decree was read in evidence in this case. J. T. Carpenter admitted the conversations had with his brother about the case with Clove Carpenter.

Osceola Butler testified that he was attorney for W. A. Carpenter in his suit against Clove Carpenter; that he had always been J. T. Carpenter's attorney and counsel in any manner affecting his interest; that he had several conversations with him in regard to the conduct of the case of W. A. Carpenter *v.* Clove Carpenter, but that in that case he was employed by W. A., and not by J. T. Carpenter. The case has been duly appealed to this court.

In the case of *Collier* v. *Cowger,* 52 Ark. 322, the court held that a judgment against a covenantee in possession upon the foreclosure of a lien created prior to the covenant, rendered after notice to the warrantor to appear and defend, is conclusive of the existence of an outstanding paramount incumbrance, and cited in support of the opinion the case of *Boyd* v. *Whitfield,* 19 Ark. 447. In the latter case the covenantor had notice of the pendency of the suit in ample time to afford him an opportunity to be made a defendant, but there was no formal notice by the covenantee demanding him to defend the action. These cases are conclusive of the propositions of law involved in this case. They have been followed by the courts of this State for many years, and have become the settled law. Counsel for appellant

have shown no good reason why they should be overruled. Most of the authorities cited by them are not applicable to the facts of this case. They discuss the question under the state of facts not only where there was no request made to defend, but where the covenantee did not even give the covenantor any notice of the pendency of the suit. The reason for the rule requiring notice is that the covenantor may have an opportunity to come in and defend the suit, and, as being more familiar with the source of title, he could more likely succeed in maintaining a defense. In the present case the parties were brothers. W. A. Carpenter told J. T. Carpenter only a few days after the suit was brought of its pendency. Our statute (Kirby's Digest § 6012) provides that where in an action for the recovery of real or personal property any person having an interest in the property applies to be made a party, the court may order it to be done.

The evidence shows that W. A. Carpenter made a vigorous as well as a *bona fide* defense. He held frequent conversations with his brother in regard to the conduct of the case, employed the lawyer with whom his brother always consulted and employed in his own affairs, and had his brother's deposition taken as evidence in the case.

The defense made met the approval of J. T. Carpenter, and he even went to the extent of promising to pay back the purchase money if his brother should lose the suit.

Finding no error in the record, the judgment of the circuit court must be affirmed.