## HODGINS v. NOYES.

### No. 3689.    Opinion Filed June 23, 1914.

### Rehearing Denied July 15, 1914.

### (141 Pac. 968.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict.

2. **SAME—Presentation for Review—Instructions—Brief.** Rule 25 of this court (38 Okla. x, 137 Pac. xi), among other things, provides: "Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portions to which he objects or may save exceptions." **Held,** that where this rule has not been observed the instructions will not be examined by this court in search of error. .Gower v. Short, 36 Okla. 30, 127 Pac. 485.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Rebecca A. Noyes against P. J. Hodgins. Judgment for plaintiff, and defendant brings error. Affirmed.

*Tarpenning & Hodgins,* for plaintiff in error.

*Cicero C. Christison,* for defendant in error.

Opinion by RITTENHOUSE, C. On the 18th day of July, 1910, C. C. Noyes executed to Jeanette Collar two promissory notes for $30 each, secured by chattel mortgage on certain portions of a printing plant, stored in the basement at 710 West

Main street, Oklahoma City, Okla.; that in said basement were other chattel property, belonging to Rebecca A. Noyes; that said notes were not paid at maturity, and the mortgage was foreclosed; that the plaintiff in error, P. J. Hodgins, instructed a drayman where to procure the mortgaged property.

The testimony shows that all the property in the basement was taken by the drayman, and that afterwards Rebecca A. Noyes and witness Hurst saw the personal property of Rebecca A. Noyes stored in an adjoining room to the office of P. J. Hodgins; that they demanded from P. J. Hodgins the return of said property; that P. J. Hodgins replied to Rebecca A. Noyes that he was in no condition to tell her about them, that he had sent a wagon up to get the goods; that a portion of the goods mortgaged were not there, and he was going to keep those not included in the mortgage for those that were missing.

The witness Hurst testified that:

"I went to the office of P. J. Hodgins and asked him for the household goods that did not belong with the printing outfit. I did this at the instance of Rebecca A. Noyes. P. J. Hodgins refused to deliver the goods, and said that he did not get all the goods that were mortgaged. He said he was going to keep them and start up a shop for himself, which he did before I left Oklahoma City."

There was a great amount of evidence offered by Hodgins which conflicted with this testimony. The jury found on the testimony in favor of Rebecca A. Noyes, and fixed the amount of her recovery at $80.63. We have examined this record carefully and find that there was sufficient evidence to support the judgment, although the weight of evidence was apparently with the plaintiff in error. This court has repeatedly held that where there are controverted questions of fact, and there is evidence reasonably tending to support the verdict, the judgment based on such verdict will not be disturbed on the weight of the evidence, and upon appeal this court will not review the evidence if it reasonably tends to support the issue. *Miller v. Severs, ante,* 141 Pac. 965; *Elwell v. Purcell,* 42 Okla. 3, 140 Pac. 412; *Gulf, Colorado & Santa Fe Ry. Co. v. Taylor,* 37 Okla. 99, 130

Pac. 574; *Kaufman v. Boismier,* 25 Okla. 252, 105 Pac. 326; *Armstrong, Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855; *Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052; *Chicago, R. I. & P. Ry. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523; *Loeb v. Loeb,* 24 Okla. 385, 103 Pac. 570.

The defendant Hodgins complains of several of the instructions given by the court; but, inasmuch as he has not complied with rule 25 of this court (38 Okla. x, 137 Pac. xi), by setting out, *in totidem verbis* in his brief, separately the portion of the instructions to which he objects, we cannot consider the same. *Lynn et al. v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144; *Gower v. Short,* 36 Okla. 32, 127 Pac. 485, and cases cited; *Cooper v. State ex rel. Leedy,* 36 Okla. 190, 128 Pac. 115.

The remainder of the assignments not having been argued in plaintiff in error's brief, the same were waived, and the cause should therefore be affirmed.

By the Court:   It is so ordered.