## CLARK v. HILL.

No. 4475. Opinion Filed July 20, 1915.

Rehearing Denied September 21, 1915.

(151 Pac. 614.)

1. **APPEAL AND ERROR—Verdict—Conflicting Evidence.** Where a verdict is rendered on conflicting evidence, and there is evidence reasonably tending to support the verdict, the appellate court will not disturb the verdict.

2. **ACCOUNT, ACTION ON—Sufficiency of Evidence.** The evidence in this case examined, and found sufficient to reasonably support the verdict rendered, notwithstanding there was evidence contradictory to the conclusion reached by the jury.

(Syllabus by Collier, C.)

*Error from County Court, Muskogee County;*
*Thos. W. Leahy, Judge.*

Action by Charley Hill against Charles P. Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was begun by defendant in error against plaintiff in error in a justice of the peace court of Muskogee county. Judgment was rendered in said justice court in favor of defendant in error, and said cause was appealed to the county court of said county, and there tried by a jury, where judgment was also rendered in favor of defendant in error. The action was begun upon filing a bill of particulars on an open account, amounting to the sum of $27.50. Plaintiff in error sets out in his

brief no evidence tending to deny the correctness of said account shown by said bill of particulars, but insists upon an offset to same, based upon a promissory note, which is as follows:

"No. ———.    $25.00.    Due Nov. 1st, 1911.

"Webbers Falls, Okla., Mar. 8, 1911.

"Nov. 1st, after date, without grace, we, or either of us, promise to pay to the order of C. P. Clark twenty-five and no/100 dollars, for value received, negotiable and payable without defalcation or discount at the First National Bank, Webbers Falls, Oklahoma, with interest from mat. at the rate of 10 per cent. per annum until paid, and all costs of collecting, including 10 per cent. for attorney's fee. This damage was done by parties Hill rented part of Clark's farm to, by name of Martin and brother-in-law. This note is given to cover damages done to C. P. Clark's farm by part 2 logs out of crib and damage to pump.

"C. L. Hill,<br>"J. C. McCleary."

Indorsed on back as follows:

"This note shall become null and void when Chas. Hill replaces in crib 2 logs which his renter sawed out and replaces pump which same renter broke off in ground. The above logs shall be as good and of same size and hewed as same as logs sawed out. This work shall and must be fixed by last of August, 1911.

"Paid upon the within Sept. 26, 190—, $25.00."

It is admitted that the indorsement upon said note, "Paid upon the within, Sept. 26, 190—, $25.00," was an error of the cashier of the bank. The parties will be hereafter designated as they appeared on the docket of the trial court. The execution of the note was admitted by the defendant, and it was admitted by both parties that the pump had been replaced. Plaintiff testified that

he attempted to replace the logs in the crib, and that he was prevented from so doing by act of the defendant. Defendant testified that he did not prevent plaintiff from replacing the logs in the crib. The jury found for plaintiff in the sum of $27.50. Defendant timely moved the court to set aside the verdict and grant a new trial, which motion the court overruled and entered judgment in accordance with the verdict of the jury, to which the defendant duly excepted. To reverse said judgment this appeal is prosecuted.

*R. E. Jackson, Owen & Stone,* and *Lipscomb & Lipscomb,* for plaintiff in error.

Opinion by COLLIER, C. (after stating the facts as above). While defendant assigns several errors on the part of the trial court, the only question we think necessary to consider, for a proper review of this case, is: Was there evidence reasonably tending to support the rejection by the jury of said note, executed by plaintiff to defendant, as an offset to the account sued upon herein? The evidence as to whether the obligation of the note had been discharged was in conflict, and we think there was evidence upon which the jury could properly base their finding. It is the well-settled rule in this jurisdiction that where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict. *Hodgins v. Noyes,* 42 Okla. 542, 141 Pac. 968. A judgment on a verdict on conflicting evidence, where reasonably supported by the evidence, will not be disturbed on appeal. *Rumbaugh v. Rumbaugh,* 39 Okla. 445, 135 Pac. 937.

For the reasons stated, this cause should be affirmed.

By the Court: It is so ordered.