## MOOREHEAD *et al.* v. DANIELS.

No. 5571.    Opinion Filed November 30, 1915.

Rehearing Denied December 21, 1915; Second Rehearing Denied May 2, 1916.

(156 Pac. 623.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Where there is conflict in the evidence as to whether or not the notices of sale of mortgaged property, as required by section 4, Comp. Laws 1909 (section 4028, Rev. Laws 1910), have been given, and whether or not said property was at the place where the sale was advertised to be made, and the sale was made, and such questions are submitted to the jury, under proper instructions, and there is evidence reasonably tending to support the verdict as found, such verdict will not be disturbed on appeal to this court.

2. **CHATTEL MORTGAGES—Foreclosure Sale—Notice Becoming Illegible—Effect.** Where legible notices have been posted of a sale of mortgaged property, as required by sec. 4481. Comp. Laws 1909 (sec. 4028, Rev. Laws 1910), and after such posting, and prior to the time that such sale is advertised to be made, some of said notices become illegible by reason of stress of weather, without knowledge thereof by the person advertising such sale, such illegibility of some of said notices will not be sufficient ground to avoid a sale of said property.

3. **PRINCIPAL AND SURETY—Rights of Sureties—Sale Under Chattel Mortgage.** Sureties upon a note secured by a mortgage on personal property may at any time after the maturity of such note require the holder of such note and mortgage to foreclose such mortgage and apply the net proceeds of such foreclosure to the payment of said note; and when such sureties fail to make such demand for foreclosure, they cannot legally complain that said foreclosure was delayed or made at an inopportune time, without showing that the same was due to a want of good faith on the part of the holder of said note and mortgage making the sale.

4. **PROCESS—Action—Parties.** Where a principal and sureties on a promissory note are proceeded against in a joint action, and summons is not served upon such principal, the action may properly proceed to judgment against such sureties as are served, without service of process upon, or a dismissal of the action as to, said principal.

5    **TRIAL—Refusal of Instructions Covered.** Instructions given by the court in this case examined, and **held** to be sufficient.

(Syllabus by Collier, C.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by J. M. Daniels against James M. Nye and others. Judgment for plaintiff, and V. V. Moorehead and another, defendants, bring error. Affirmed.

*W. C. Austin* and *C. A. Hatch,* for plaintiffs in error.

*Counts & Counts,* and *Gray & McVay,* for defendant in error.

Opinion by COLLIER, C. This action was brought by J. M. Daniels, hereinafter called plaintiff, against James M. Nye, V. V. Moorehead, and J. W. Roper to recover upon a promissory note, executed by them to said Daniels for $1,100. Nye was not served with process, and without dismissing the action as to him, a trial was had to a jury, and resulted in a verdict against said Moorehead and Roper, hereinafter called defendants, for the sum of $832.55, which the court required to be remitted to $727, for which said amount judgment was rendered. Motion for new trial was filed, overruled, and exceptions saved. From said judgment this appeal is prosecuted.

The uncontradicted evidence is that said defendants were only sureties upon said note, and that by agreement with the defendants the mortgage was executed by said Nye to said plaintiff upon certain machinery to secure the payment of said note, which it was admitted was executed by each of said defendants, and was due and unpaid; that under a foreclosure of said mortgage the said machinery was sold by said plaintiff, and at said sale said machinery brought the sum of $455.

The evidence is in conflict as to whether the notices of sale were posted in five public places, as required by section 4418, Comp. Laws 1909 (section 4028, Rev. Laws 1910), and as to whether the machinery was at the place where the sale was made, as stated in said notices of sale that it would be made at the time of sale. Defendants offered evidence as to the value of the property sold, to which an objection was sustained, and such evidence excluded, and exceptions noted. The contention of defendants that the court erred in refusing to dismiss this cause, because the principal in the note was not served with summons, and the action was not dismissed as to such principal, is without merit. Section 4730, Rev. Laws 1910; *Sayre Commission Co. v. Keen,* 26 Okla. 794, 110 Pac. 775; *Francis v. First Nat. Bank of Eufaula,* 40 Okla. 267, 138 Pac. 140.

We are of the opinion that the court, in the absence of evidence that the sale was made in bad faith on the part of plaintiff making the sale, properly excluded evidence as to the value of the property sold, as the value of the property did not tend to show any defense to this action. *Kingman & Co. v. Hill,* 71 Mo. App. 666; *Tootle, etc., Co. v. Taylor,* 64 Iowa, 629, 21 N. W. 115.

We do not think there is anything in the contention of defendants as to the time the sale was made, as there is no evidence tending to show fraud, or that any bad faith tainted the transaction. If, however, it would have been more advantageous to defendants to have the property sold at an earlier date than that upon which it was sold, defendants had a right to require, at any time after the maturity of the note sued upon, the property described in said mortgage to be at once sold, and the net

proceeds of such sale, so far as necessary, applied to the payment of said note. The demand for an earlier sale was not made by defendants. Hence, they are not in a position to complain, in the absence of bad faith on the part of plaintiff, that the sale was made at an inopportune time. Section 1058, Rev. Laws 1910.

The evidence is in conflict as to whether or not some of said notices of sale were illegible, due to stress of weather, within two days after they were posted; but there is no evidence in the case that such illegibility of such notices was brought to the knowledge of plaintiff. Where legible notices of a sale of mortgaged personal property have been posted, as required by section 4418, Comp. Laws 1909 (section 4028, Rev. Laws 1910), and after such posting, and prior to the time that such sale is advertised to be made, some of said notices become il- legible by reason of stress of weather, without knowledge thereof on the part of the person advertising such sale, such illegibility of some of said notices would not be suf- ficient ground to avoid a sale of said property. If it be admitted that said notices were illegible within two days after said notices of sale were posted, the same would not be a ground for reversal of this case. Section 6005, Rev. Laws 1910.

After a careful examination of the instructions of the court, we think they correctly stated the law of the case, and that the exceptions taken to parts of said instructions are not well founded.

The several instructions requested by defendants and refused are, so far as proper, covered by the general in- structions of the court, and said instructions were properly refused.

The salient points in this case are as to whether or not notices of sale were posted, as required by section 4418, Comp. Laws 1909, *supra*, and whether or not the property sold was at the place of sale named in the notices of sale, at the time the sale was made. Both these questions were submitted to the jury, under proper instructions of the court, and by their verdict for plaintiff they necessarily found, as a prerequisite to their said verdict, that the notices of said sale were legally given, and the property sold at the place it was advertised to be sold, at the time the sale was made; and, as there is evidence in the case and the inferences to be drawn therefrom to reasonably sustain the verdict of the jury, we are without authority to disturb the verdict rendered. *Hodges v. Noyes*, 42 Okla. 542, 141 Pac. 968; *Rumbaugh v. Rumbaugh*, 39 Okla. 445, 135 Pac. 937; *Clark v. Hill*, 51 Okla. 268, 153 Pac. 614.

While it is true that the mortgagee is held at his peril to deal fairly and honestly with the property in the exercise of the power of sale, and should refrain from any steps which would likely prevent the goods from bringing an inadequate price, we are unable, after a careful examination and consideration of the entire record, to see that said mortgage sale was not fairly conducted as required by law, and that the judgment rendered does not properly do substantial justice.

This cause should be affirmed.

By the Court: It is so ordered.