**STONEBRAKER v. AULT et al.**

No. 6592—Opinion Filed June 20, 1916.

(158 Pac. 570.)

1. **Covenants — Actions — Evidence — Judgment as Evidence of Paramount Title.**

The law of notice of suit to grantor, as provided by section 1166, Rev. Laws 1910, does not apply to cases begun prior to the

coming of statehood, in actions had in the Indian Territory. But under the common law in force in Arkansas, which extended over the Indian Territory, if a grantee gave reasonable notice to his grantor of an action to evict said vendee from the land purchased from the vendor, and requested the vendor to defend his covenant of good title, and said vendor failed so to do, and such defendant was evicted, in an action by said vendee against said vendor for a breach of such covenant, such vendor cannot set up as a defense to said action that he, vendor, had and conveyed to said vendee a good title.

## 2. Courts—Stare Decisis—Prior Ruling as Law of the Case.

Where this court renders a decision which is afterwards overruled, the decision overruled is the law of the case in which rendered.

## 3. Appeal and Error—Review—Questions of Fact.

Where contradicted questions of fact are submitted to a jury and the evidence reasonably tends to support the verdict, this court will not disturb the verdict.

## 4. Covenants—Actions—Instructions.

Instruction complained of by plaintiff in error as conflicting carefully examined, and found not to be in conflict with another instruction given by the court.

(Syllabus by Collier, C.)

Error from District Court, Tulsa County: L. M. Poe, Judge.

Action by H. M. Stonebraker against A. F. Ault and another. Judgment for defendants, and plaintiff brings error. Affirmed.

H. B. Martin and A. F. Moss, for plaintiff in error.

A. J. Biddison and Harry Campbell, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against the defendants in error to recover for the breach of warranty of title for sale of the lands described in the complaint. Hereinafter the parties will be designated as they were in the trial court.

The undisputed evidence shows that the defendants sold to the plaintiff the lands in controversy for the sum of $6,000, which was paid; that, after the delivery of the deed, the plaintiff sought to secure possession of the land, and was prevented from doing so by one Barnes, who claimed to be the owner of the land. Plaintiff, prior to statehood, instituted suit in the courts of the Indian Territory to eject Barnes from the lands in controversy. This suit resulted in favor of said plaintiff, and Barnes appealed the case to the Court of Appeals of the Indian Territory, which cause, upon the coming of statehood, was tried by the Supreme Court of this state as successor of said Indian Territory

court, and this court rendered a decision in said case, in which it held (28 Okla. 75):

"But plaintiff must recover on the strength of his own title, and it now becomes our duty to test the strength of his claim and determine whether the same is sufficient upon which to base a recovery. His contention, that defendant's lease is void because made within the prohibitive period of five years without the approval of the Secretary of the Interior, being sustained, he has thereby digged a pit into which every conveyance in his chain of title, back to Moses Neharkey, under whom both claim, must fall, that is, the deed from Moses Neharkey to Grant C. Stebbins, dated March 5, 1905, from said Stebbins and wife to A. F. Ault, dated May 13, 1905, from said Moses Neharkey and wife to said Ault, dated May 23, 1905, and from said Ault and wife to plaintiff, dated June 6, 1905, and that, too, for the same reason. The heirs of Moses Neharkey are not before the court and we can afford them no affirmative relief. It follows that while the court did not err in holding that defendant had interposed no defense to this suit, and was entitled to no relief on his cross-complaint, yet the court did err in holding that the plaintiff had title to the property in controversy of strength sufficient to recover, and that he was entitled to the possession thereof together with damages and costs, and for that reason this case is reversed and rendered and the costs of this court will be ordered equally divided between plaintiff and defendant."

The evidence was in conflict as to whether or not the plaintiff, prior to the institution of suit of the plaintiff against Barnes, gave due and reasonable notice of said suit to, and requested the defendant, Ault, who was not a party to said suit of Stonebraker v. Barnes, to come in and defend against the said claim of Barnes as to the ownership of said lands. The court instructed the jury as follows:

"No. 3½. You are instructed that the deed in evidence, executed by the defendant, Ault, and his wife, Emma Ault, to the plaintiff, contains a covenant of warranty, and if you find from the evidence that the plaintiff, after the delivery of said deed, was unable to obtain possession of the land conveyed by said deed, and that it became necessary to prosecute a suit against a person then in possession to recover the same, and that the plaintiff did prosecute such suit and notified the defendant, A. F. Ault, of the claim of the person who was in possession of said land, and that such person claimed the title to the same; and if you believe from the evidence that, before the commencement of said suit by the plaintiff against Barnes, the plaintiff notified the defendant, A. F. Ault, of his intention to prosecute such suit, and requested the defendant, Ault, to aid in the prosecution of the same, or to take charge of the prosecution and conduct it, and that such request was given in time to enable the said defendant, A. F. Ault, to prosecute such suit, then you are instructed that, if you find from the

evidence that, by judgment of the Supreme Court of Oklahoma, the plaintiff's title to said land was denied on an appeal taken by Barnes to the said Supreme Court, then you are instructed that such facts constitute an eviction of the plaintiff as to the lands involved and a breach of the covenant of warranty executed by the defendant, A. F. Ault, and your verdict should be for the plaintiff."

"No. 5. The court instructs the jury that the evidence in this case shows that the title of A. F. Ault to the land was a good title, and that he conveyed a good title to the plaintiff, and that the plaintiff still holds the land under the deed from the defendant: and the defendant is not bound by the opinion of the Supreme Court in the case of Barnes v. Stonebraker, unless you find from a preponderance of the evidence that the plaintiff notified the defendant of the pendency of said cause of action before the same was tried in the district court, and requested or demanded the defendant to come into said suit and protect his title therein."

The following errors are assigned:

"(1) The overruling of his motion for new trial. (2) Errors in admitting immaterial, incompetent, and irrelevant evidence on behalf of defendant in error. (3) The following charge contained in instruction No. 5: 'The court instructs the jury that the evidence in this case shows that the title of A. F. Ault to the land was a good title, and that he conveyed a good title to the plaintiff, and that the plaintiff still holds the land under the deed from the defendant.'"

The jury returned a verdict for the defendant. Timely motion was made for a new trial, which being overruled and excepted to, this appeal was perfected.

It will be noticed that the third assignment of error does not set out the entire instruction No. 5 as it should do, and therefore such instruction is not properly assigned as error: nevertheless we will consider said instruction as it was in fact given.

The law of notice of suit to grantor as provided by section 1166, Rev. Laws 1910, does not apply in this case, said action of Stonebraker v. Barnes having been instituted prior to the coming of statehood. There was no statute in the state of Arkansas, which was extended over the Indian Territory, similar to section 1166, Rev. Laws 1910. The common law in regard to the effect of notice to a grantor, when his conveyance is attacked for covenant broken, was in force in Arkansas, and was extended over the Indian Territory, by the act of Congress approved May 2, 1890, c. 182, 26 Stat. 81.

"A judgment for the recovery of land against a covenantee in possession, rendered after notice to the covenantor of the pendency of the suit, is conclusive of the existence of a paramount outstanding title in another, and constitutes an eviction entitling the covenan-

tee to his action on the covenant." Carpenter v. Carpenter, 88 Ark. 169, 113 S. W. 1032.

In Carpenter v. Carpenter, supra, it is said:

"In the case of Collier v. Cowger, 52 Ark. 322 (12 S. W. 702, 6 L. R. A. 107), the court held that a judgment against a covenantee in possession upon the foreclosure of a lien created prior to the covenant, rendered after notice to the warrantor to appear and defend, is conclusive of the existence of an outstanding paramount incumbrance, and cited, in support of the opinion, the case of Boyd v. Whitefield, 19 Ark. 447. In the latter case, the covenantor had notice of the pendency of the suit in ample time to afford him an opportunity to be made a defendant, but there was no formal notice by the covenantee demanding him to defend the action. These cases are conclusive of the propositions of law involved in this case. * * * *"

The serious contention of plaintiff is that instruction No. 5 is in conflict with instruction No. 3½: that instruction 3½ correctly states the law, and with this contention as to instruction 3½ we agree with plaintiff, but we are unable to see that instruction No. 5 is in conflict with said instruction No. 3½.

The pivotal point of both of these instructions is that, if proper notice was given and Ault failed to come in and defend, notwithstanding he had title, he would be estopped from setting up such title in this action. Notwithstanding the fact that said case of Barnes v. Stonebraker was overruled, still the said case of Barnes v. Stonebraker is the law of the case, and notwithstanding Ault was not a party to the suit of Barnes v. Stonebraker, if proper notice issued to him and Ault failed to come in and defend said suit, though he had and conveyed a good title to the lands to plaintiff, he would be bound by the decision rendered in the Barnes v. Stonebraker case, and could not set up good title in defense of this action. The instruction complained of was certainly not prejudicial to plaintiff, for said instruction instructs the jury that, though defendant, Ault, had title and properly conveyed the same to plaintiff, yet, if plaintiff's title was attacked and proper notice given the defendant, Ault, to come in and defend, and the said defendant did not do so, the finding must be for plaintiff. In short, the jury were, in effect, instructed that, if the proper notice was given by plaintiff to Ault to come in and defend, they should find for the plaintiff.

The real difficulty under which the plaintiff labors is that the jury found that the notice had not been given Ault to come in and defend in the case of Stonebraker v. Barnes, as insisted by plaintiff, and from such difficulty he cannot be relieved upon the theory

that such difficulty was occasioned by an error of the trial court. In Mary Wilson v. McElwee, Jr., 1 Strob. Law. 65, it is held:

"In an action of covenant on a warranty of title, a verdict returned against the purchaser in a suit against him is conclusive against the vendor, who has been vouched to defend his title, unless it can be shown that the verdict was procured by collusion or negligence on the part of the purchaser."

In Rawle on Covenants for Title (5th Ed.) sec. 117, it is held.

"Partly upon this general principle, and partly in analogy to the practice under the old warranty, it has come to be well settled in most, if not all of the United States, that in general, upon suit being brought upon a paramount claim against one who is entitled to the benefit of any of the covenants for title, and more particularly it would seem of the covenants of warranty, he can, by giving proper notice of the action to the party bound by the covenants and requiring him to defend it, relieve himself from the burden of being obliged afterward to prove, in the action on the covenants, the validity of the title of the adverse claimant; nor, in the absence of fraud or collusion, will the covenantor, under such circumstances, be allowed in the latter action to prove that the recovery against his covenantee was not had under paramount title."

In Williams v. Burg, 77 Tenn. (9 Lea) 455, it is said:

"We have held, upon full consideration, that upon proper and sufficient notice being given to the covenantor to appear and defend, the latter in an action against him upon his covenant will be bound by the judgment establishing the paramount title, and no other proof of the paramount title will be required. * * * The question of fact is then presented whether the proper notice was given in this case."

In McConnell v. Downs, 48 Ill. 271, it is held:

"A defendant in an action upon a covenant of warranty, to whom notice had been given by the plaintiff of the pendency of the action in ejectment, and who neglected to defend, will not be permitted to prove that the judgment of eviction was not upon an adverse or superior title. Having failed to defend, such judgment is conclusive upon him, no collusion or fraud being shown."

The evidence being in conflict as to the giving of notice and there being evidence, though contradicted, reasonably tending to show that such notice was not given, the verdict of the jury necessarily found that such notice was not given, and we are therefore powerless to disturb such verdict.

"Where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the * * * court will not disturb the verdict." Hodgins v. Noyes, 42 Okla. 542, 141 Pac. 968.

"Where there is any competent evidence in the record reasonably tending to support the verdict of the jury, the same will not be disturbed." Smith v. Bell, 44 Okla. 370, 144 Pac. 1058.

We are unable to see that any evidence was admitted, against the exception of plaintiff, which was prejudicial error. From the views herein expressed, it is conclusive that the court did not err in refusing to grant a new trial.

This cause should be affirmed.

By the Court: It is so ordered.