## LASSWELL v. PRAIRIE OIL & GAS CO.

No. 24073. June 18, 1935.

Rehearing Denied July 23, 1935.

James M. Hays, James M. Hays, Jr., and Joseph C. Hays, for plaintiff in error.

T. J. Flannelly, Paul B. Mason, and Angus A. Davidson, for defendant in error.

PER CURIAM. Plaintiff in error is referred to as J. I. Lasswell and defendant in error as gas company, for brevity.

On the 10th day of May, 1927, S. R. and J. I. Lasswell executed to the Prairie Oil & Gas Company division order providing as follows:

"Division Order.

"To The Prairie Oil & Gas Company.

"The undersigned certify and guarantee that they are the legal owners of all royalty and all working interest wells Nos. 1 and up on the lots 12, 13, 14, 15, block 4, Illinois Add Morris (Pt. SW¼ of NE¼ 18-13-14) Okmulgee county, state of Oklahoma, including the royalty interest,. and until further notice you will credit for all oil received from said wells as per directions below:

| "Credit to | Division of Interest | Post Office (Address—Give Box No. or Street Address) |
|---|---|---|
| "J. I. Lasswell | All | Box 444, Morris, Okla." |

Then following the order shows that the oil company becomes purchaser of oil at prevailing market price with certain deductions agreéd upon for sedimentation, and for steaming when necessary to render same marketable. Then followed this provision:

"Fourth. In case of adverse claim of title to the land from which such oil is produced, or adverse claim of title to the oil sold and purchased under this division order, the Prairie Oil & Gas Company shall be protected against all reasonable cost and expense necessarily incurred in defending against such claim, and may retain the purchase price of such oil until such adverse claim is settled and determined, or until it has been furnished satisfactory indemnity.

"J. I. Lasswell

"S. R. Lasswell".

On May 23, 1928, J. N. Burroughs sued S. R. Lasswell and Prairie Oil & Gas Company, in cause No. 15838, district court of Okmulgee county, Okla., alleging that he and S. E. Lasswell were joint owners of the working interest of all oil produced from said premises, and that S. R. Lasswell had fraudulently conveyed said property and all oil and gas thereon in fraud of the rights of said Burroughs. J. I. Lasswell was named defendant in the petition, but plaintiff did not have summons issued and served upon him.

S. R. Lasswell filed motion to make more definite and certain plaintiff's petition in said cause.

Prairie Oil & Gas Company filed on June 21, 1928, answer alleging that all the oil and gas purchased from said premises which

had been settled for had been purchased by it in good faith for value and without any knowledge of Burroughs' rights, if any, and denying interest in the controversy between plaintiff and defendants, and as to oil runs not paid for, it had a right to withhold until determination of suit. No request for an order directing J. I. Lasswell to appear and intervene was asked for.

On February 13, 1929, Burroughs filed amended petition.

On March 8, 1929, Prairie Oil & Gas Company filed another answer containing same plea of innocent purchaser for value, alleging no interest in the controversy, except its rights to withhold runs not settled for until final determination of title thereto, not requesting order to require J. I. Lasswell to intervene nor offering to pay into court when he should appear to defend.

The company further showed that it had been garnisheed by Okmulgee Abstract & Title Company as debtor of S. R. Lasswell and J. N. Burroughs, and attached its answer in such garnishment cause in the justice court, Okmulgee county, showing that it had in its possession $900.46, representing proceeds of oil produced by it from lots 12, 13, 15, and 16, block 4, Illinois addition to town of Morris, Okla.

It is unnecessary to set out various motions and orders made upon issues of law between Burroughs and S. R. Lasswell. S. R. Lasswell nor the Prairie Oil & Gas Company ever had summons or order issued for J. I. Lasswell.

Suit No. 15838 was dismissed, the court reciting in the journal entry that plaintiff, Burroughs, had not had summons served upon J. I. Lasswell, the person as appears from the division order to whom the proceeds of all oil purchased were payable, and suit was dismissed and no determination of title made, since plaintiff, Burroughs, had not amended his petition as required by the court, and had failed to make J. I. Lasswell party defendant. Judgment also ordered the Prairie Oil & Gas Company to pay proceeds of all oil runs in its possession into court.

The Prairie Oil & Gas Company appeared on May 8, 1929, and moved that said judgment as to it be set aside because the judgment showed that the cause was not determined upon the merits and claim of adverse title on the part of Burroughs still existed, and on June 7, 1929, the court set aside final judgment in cause No. 15838, in so far

as it ordered the gas company to pay into court the amount due on purchase of all runs from property described.

Thereafter J. I. Lasswell, on January 27, 1930, sued the Prairie Oil & Gas Company for the amount due him under said division order upon same property in cause No. 16684, district court of Okmulgee county, Okla., and he did not make J. N. Burroughs party defendant. The gas company answered on February 27, 1930, admitting there was due under said division order for oil received by it the sum of $1,090.59 as proceeds, and alleged that J. N. Burroughs had since May 10, 1927, continuously and frequently claimed said proceeds and oil produced from the premises described in said division order, and then alleged the further claim of said Burroughs by reason of said suit No. 15838, and the proceedings therein, and the garnishment proceedings in justice court, all showing that J. N. Burroughs and Okmulgee Abstract & Title Company were asserting adverse claims to said fund, and asked that J. I. Lasswell be required to make said Burroughs and said abstract company parties defendant to determine who was entitled to said proceeds. Treasurer of the company filed a sworn statement that "Prairie Oil & Gas Company now holds proceeds of said oil runs in the sum of $1,090.59 which it is ready, able, and willing to pay to the true and lawful owner thereof after all adverse claims thereto had been conclusively and finally determined; otherwise the treasurer's affidavit set up same matter as the company's answer.

On March 15, 1930, the company filed a supplemental answer showing it had been, in cause of J. N. Burroughs v. J. I. Lasswell et al., served with an injunction issued out of the circuit court of Howell county, Mo., restraining it from paying proceeds of said oil purchased by it under said division order to J. I. Lasswell. It appears said injunction was issued February 17, 1930.

Lasswell did not undertake to make Burroughs and the Abstract & Title Company defendants, but, on April 9, 1930, filed motion for judgment on pleadings, which he withdrew on April 30th and took leave to file reply to the company's answer, but refiled the motion March 10, 1931, without filing reply.

On March 14, 1931, the company made motion to dismiss action of Lasswell against it, No. 16684, for reason Lasswell failed to file reply, but refiled its motion for judgment on pleadings, and for reason said mo-

tion was frivolous, which motion to dismiss was withdrawn by the gas company on March 14th, and Lasswell's motion for judgment on pleadings was overruled.

Thereafter, on September 1, 1931, J. N. Burroughs filed his voluntary petition intervening, which, from time to time, he undertook to amend, in response to motion to make more definite and certain, and which he did amend from time to time, alleging a partnership interest with S. R. Lasswell, in and to ⅞ of all oil produced from lots described in said division order. Motion to strike intervener's petition was overruled on October 20, 1931, and intervener ordered to make S. R. Lasswell party defendant. Amended petition of intervention, without making S. R. Lasswell party defendant, was filed by Burroughs, in which, after allegations made, he prayed that all sums due under the division order be ordered paid to him and publication service had upon S. R. Lasswell.

Motion was filed to strike amended petition of intervener on January 5, 1932, which was sustained on January 9, 1932. Burroughs excepted, gave notice of appeal, and amount of supersedeas bond was fixed.

On September 12, 1931, motion of plaintiff, J. I. Lasswell, was sustained directing the company to pay proceeds of oil which it held as "stakeholder" (as termed in the order) into court, since J. N. Burroughs had intervened and submitted his interest therein to the jurisdiction of the district court of Okmulgee county, Okla.

Thereafter the company, on September 18, 1931, tendered its check payable to the court clerk for $1,057.86, the amount admitted to be due by it, and also filed motion for allowance of its attorneys' fees and expenses incurred in defense of title from funds paid into court. Its items as shown by its motion were: First, $100 for reasonable attorneys' fees for services rendered by its attorney from time to time in cause 15838; second, also $100 for obtaining judgment in cause No. 15838, setting aside order directing it to pay into court all proceeds when said cause was not tried upon its merits; third, $100 attorneys' fees for defense in cause No. 16684, and $55 for expense of attorneys and employees and witnesses to attend court in resistance of plaintiff's motion for judgment on pleadings. The court rendered judgment for $250, doubtless $100 for attorneys' fees in cause No. 15838, and $150 for expenses and attorneys' fees in cause No. 16684 (as only $155 was alleged as due

for attorneys' fees and expenses incurred in 16684).

The motion was tried to the court, the records in causes 15838 and 16684 were duly introduced in evidence, only other evidence being that the reasonable value of services rendered by attorneys for the company as shown thereby was $250, and stipulation showing practically same as shown by the proceedings on above cause and expenses of one man from Independence, Kan., to Okmulgee, Okla., and return were $15 at least.

The plaintiff in error, J. I. Lasswell, assigns as error that the decision of the court was contrary to law and not sustained by sufficient evidence, and error of the court in failing to allow J. I. Lasswell interest upon the amount admitted to be due in answer.

The rights of the company to allowance of its attorney fees must be determined from the contract and the relative obligations of the parties thereto, and the intent of the parties must be determined from all the terms of the contract construed together, and in connection with the subject matter of the contract.

The record in cause No. 15838 discloses that J. I. Lasswell was never by order of court or summons made party defendant. Nor does the record in said cause disclose that the company sought such order, either under sections 157 or 159, O. S. 1931. Neither was it alleged or proven on motion to allow attorneys' fees by the company that the company in any manner, not shown of record, notified J. I. Lasswell of pendency of suit No. 15838; and that it expected him to appear and defend title, or ever notified J. I. Lasswell of Burroughs' claim when Burroughs first set it up.

However much the court might believe that such notice or knowledge of the suit was imparted to J. I. Lasswell by his brother, S. R. Lasswell, or his attorney, on account of relationship, such notice or knowledge cannot be presumed by the court.

For the purpose of determining this cause it is not necessary to determine whether the company (after notice of adverse claim, and its determination to hold proceeds until such claim was adjudicated) held the proceeds as trustee under an implied trust, or as indemnitee, bailee, agent, carrier or stakeholder, or debtor. But since it could not itself deny the title of its covenantor and hold the fund, it owed him ordinary care, diligence, and fidelity and good faith in pro

tecting his interest, since, if his property, it was held as security for Lasswell's warranty in relation thereto, and if not his, under the warranty of title it could charge him with its expenses and attorneys' fees in action upon covenant of warranty and other provisions of the division order.

The certificate and guarantee of ownership are equivalent to a warranty of title and were so intended. The other provision of division order, that gas company may hold all proceeds in event of adverse title until determined, and be protected for all expense for defending title, implied a warranty against an adverse claim with an additional supplemental right, which is allowable, that it may hold the fund until the adverse claim is adjudicated, and which doubtless was intended to cover all expenses neces sarily incurred by it in having such adverse claims determined, as well as any it might expend to defend Lasswell's title if it desired, if he failed after notice to defend, but the allowance for expense in answering and having all claimants made parties to suits to determine title must depend upon whether or not, acting in relation to a covenantor, it performed its duty or requirements necessary to fix such liability.

In order to fix liability for attorneys' fees and expenses for defense of title warranted, whether of personalty or realty, notice must be given the covenantor, and he must be furnished opportunity to defend unless covenantor is already party to suit. St. Anthony & Dakota Elev. Co. v. Dawson & Byfield (N. D.) 126 N. W. 1013, 1912B, Ann. Cases 1337; Old Pueblo Motors Co. v. Ysias Abarca (Ariz.) 288 P. 666; Bevan v. Muir (Wash.) 101 P. 485; Carpenter v. Carpenter, 88 Ark. 169, 113 S. W. 1032; Stonebraker v. Ault, 59 Okla. 189, 158 P. 570; Arnold v. Joines, 50 Okla. 4, 150 P. 130; Eysenbach v. Naharky, 114 Okla. 207, 236 P. 619; 55 C. J. 786, art. 753; 15 C. J. p. 1334, art. 244.

The above notice is frequently required by statute, but when not the cases show it is the common law. See Carpenter v. Carpenter, supra, Stonebraker v. Ault, supra, and St. Anthony, etc., v. Dawson, supra.

While the notice provided by sections 157, 159, or 9686, O. S. 1931, might not have been necessary, under the contractual relations of the gas company with J. I. Laswell, it owed him the duty, as soon as it had knowl. edge of an adverse claim. to notify its covenantor thereof, that he might begin suit to quiet title or enforce its obligation, and had

this notice been given and suit filed by an adverse claimant, it was the duty of the gas company by proper notice to require him to defend, advising him of the nature of the suit, venue, and by whom all claims were made, and of its intent to hold proceeds until such claims were determined, and it cannot shift this duty or responsibility to any other claimant, or litigant.

Hence, in so far as the attorneys' fees allowed the gas company in cause No. 15838, the evidence does not sustain the decision of the lower court, for which doubtless the lower court allowed $100. The defense of innocent purchaser for value offered in case No. 15838 was purely the gas company's personal defense. That gas company set aside an order in cause No. 15838, directing it to pay funds into court, when case had not been determined upon its merits, was not a basis for allowance of attorneys' fees, for the reason this condition was not brought about by any fault of J. I. Lasswell, so far as the record shows, and might have resulted from failure of gas company to perform its duty.

Quite a different condition arises in cause No. 16684, when Lasswell sues the gas company for amount due for oil runs, when there is an adverse claim not determined or settled and under its contract the division order provided it might hold proceeds until such claim was adjudicated. This provision of the contract was not unreasonable and doubtless is allowable as a condition in warranty of title. While it cannot withhold for a claim to it known to be frivolous, yet the allegations of the petition of Burroughs show a state of facts, if true and properly pursued, which would constitute a valid interest in the oil runs, if not barred. The adverse claim was really never decided on its merits, other than limitation.

It is a well-settled rule regarding a purchaser for value that; in order to be entitled to protection as such, he must be without notice, not only at the time he makes the purchase, but at the time he pays the purchase money. See Peters v. Brandon (Kan. App.) 48 P. 870, and authorities cited therein.

The terms of the division order are for the purpose of protecting the gas company, after notice of adverse claim, and by its failure to notify J. I. Lasswell, in cause 15838, it did not forfeit this right, though to protect its expense items in defense of title it owed duties to Lasswell. The terms

of the division order are not to be construed narrowly and limit expenses to those expended in actual defense of the title, but it clearly appears to be the intent to cover any expense it might be forced to pay to require its covenantor to have adverse claims determined before payment. This intent is disclosed by the provision that the gas company might withhold payment until such claim was determined or settled, especially where this expense is incurred forcing its covenantor to cause title to be determined before judgment against it.

The case of Manley v. Pool, 117 Okla. 249, 246 P. 386, holding covenant of warranty does not protect against claims for which grantor is not responsible, nor against illegal or fictitious claims, since this only applies to implied or regular form covenants of warranty, not supplemented with other conditions, is not applicable to the situation in this case, since no bad faith was shown on the part of the gas company in presenting the Burroughs adverse claim for determination before paying for oil runs, nor does the record disclose such claim was illegal or fictitious or in any manner instigated by the gas company.

No interest was allowable on amount due by gas company as long as said adverse claim was undetermined in suit of J. I. Lasswell, since holding of proceeds was in good faith. It is indeterminable how much earlier the adverse claim would have been determined, had he been notified, or made party to cause No. 15838; hence, the court did not err in refusing to allow J. I. Lasswell interest.

Judgment is therefore reversed in part and judgment affirmed for sum of $150, with interest from March 17, 1932, at 6 per cent. per annum, against J. I. Lasswell and the sureties on his supersedeas bond, James M. Hays, S. R. Lasswell, Minerva Frances Hays, and Richard A. Hays.

Judgment in favor of J. I. Lasswell for one-half Supreme Court filing fee and one-half costs of case-made against Prairie Oil & Gas Company directed to be entered by trial court.

The Supreme Court acknowledges the aid of Attorneys Jno. B. Wilson, E. E. Gore, and Wilkins B. Garrett, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Wilson, and approved by Mr. Gore

and Mr. Garrett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.