ROSE v. ROBERTS.

No. 31645. Sept. 18, 1945.

*161 P. 2d 851.*

Arrington & Miller, of Shawnee, for plaintiff in error.

Reily & Reily, of Shawnee, for defendant in error.

GIBSON, C. J. This action was brought by Belle Roberts, hereinafter referred to as plaintiff, owner of SW¼ of NE¼ of section 7, twp. 10 N., range 3 E. in Pottawatomie county, to enjoin defendant, owner of N½ of NE¼ of said section, from closing a passageway through the latter described lands.

Both parties deraign title from Nicholas Trombla, a Pottawatomie Indian, to whom the lands were allotted.

The southwest 40 of the NE¼ was conveyed by Trombla to one Lucian L. Bowling by two conveyances. The first conveyance, covering the south 20 acres, bore date of November 11, 1916, and the other, covering the north 20 acres, January 2, 1919. The later conveyance, a warranty deed in statutory form, contained the following words immediately following the description: "and a passage way north to the section line." Thereafter, on April 19, 1920, said Trombla and wife executed to said Bowling as grantee their deed of which the material parts are as follows:

"have this day granted and do hereby grant unto L. L. Bowling of the aforesaid County and State the free use for the purpose of travel, in passing out and

coming in to his own premises, along a strip of land twenty feet wide in the entire West side of the Northwest Quarter .of the Northeast Quarter of Section Seven (7), in Township Ten (10) North, of Range Three (3) East of the Indian Meridan in the aforesaid County and State; said strip of land running from the South side of said forty acres of land and running to the section line on the North line of said forty acres. It is understood that aforesaid grant is for the private use and benefit of the said Bowling, and in no sense as a grant for a public road; and shall not be used by any other individual, except persons acting for the said Bowling or visiting him, or having business with him. It is further understood that the easement herein granted is temporary to last until such time as the County authorities or the Community shall open upon a half section line road along said line and shall revert to the Grantors herein as soon as said half section road is opened to the public.

"It is further understood and agreed that, as it will be necessary before this grant can be available for a crossing to be made on the Railroad which crosses said strip of land, and that the County is to proceed as fast as practicable to cause such crossing to be made, that while waiting for same, the said Bowling and his tenants shall have the right to pass in and out through the gates of the Grantors northward; and that for the same reason and as condition precedent to this grant, the said Trombla and his tenants shall have the right to pass over the railroad crossing belonging to the said Bowling to their tract of cultivated land in the SW corner of the NW of the NE as above described; but that this last privilege of both parties shall cease as soon as the said railroad crossing shall have been made.

"It is further understood that the easement herein granted shall not be construed to allow the said Bowling to fence the said strip of land, but the same shall remain in open for the benefit of both parties, and that the said Bowling shall make gates at the South end and the North end of said strip and keep the same closed for the protection of crops from stock."

At the time of the execution of the said deed on January 2, 1919, to the north 20 acres, the said Trombla had not received a patent to the north 80 acres of the NE¼ and it is conceded that by reason thereof and the federal restriction that existed, the said deed was ineffective to grant a right of way over the 80-acre tract. Trombla's restrictions were removed April 13, 1920.

Bowling continued to own the 40 until his death in 1931. Thereafter same was sold and through mesne conveyances passed to W. A. Roberts, husband of the plaintiff, who on his death succeeded to the title thereto through decree of distribution.

Defendant Rose acquired title to the north 80 directly from said Trombla by deeds executed on March 10, 1923, and January 2, 1925.

In May, 1942, defendant built a fence along the north line of the north 80 without an opening for passage to the road lying immediately north of the 80 which was the terminus of the way claimed, and the present action resulted.

The trial was had to the court without jury and resulted in a judgment for plaintiff enjoining defendant from obstructing the right of way, and it is therefrom that defendant has appealed.

The judgment of the court is based upon the following finding:

"The Court finds from the evidence that the plaintiff is the owner of the Southwest Quarter (SW¼) of the Northeast Quarter (NE¼) of Section (7), Township Ten (10) North Range Three (3) East of the I. M., Pottawatomie County, Oklahoma, and that on and prior to the 13th day of October, 1919, the said public at large and the grantors in the chain of title to the land owned by the plaintiff traveled a well defined road-way on the west side of the Northwest Quarter (NW/4) of the Northeast Quarter (NE/4) of said Section Seven (7) uninterruptedly for a period beginning prior to the 13th day of October, 1919, and that the user thereof was under claim of right

adverse to the said Nicholas Trombla, and was begun and carried on without interruption upon his part and with his knowledge and consent.

"The Court further finds that the defendant purchased the Northwest Quarter (NW/4) of the Northeast Quarter (NE/4) of said Section Seven (7) on the 10th day of March, 1923, and that at the time he purchased said land the plaintiff's grantors were using said right of way under a claim of right along the west side of said Northwest Quarter (NW/4) of the Northeast Quarter (NE/4) of Section Seven (7), and that it was a well defined road-way."

Defendant has presented the following propositions:

1. At the date of the Bowling deed, the Rose land was restricted Indian land under the supervision of the United State Government. No rights in said land could be acquired by Bowling by prescription, limitation or deed.

2. The passageway clause of the Bowling deed is vague, indefinite, and uncertain and does not describe any grant sufficient to pass title thereto.

3. The second grant from Trombla to Bowling was restricted, limited and temporary grant and expired with the death of Bowling.

4. Any travel by anyone claiming under Bowling subsequent to his death on the 7th day of October, 1931, even though adverse and under a claim of right, would not be of sufficient length of time to affect the title of Rose prior to the filing of this action on the 29th of June, 1942.

5. The testimony is insufficient to establish a continuous use of the passageway for a period of 15 years.

With our view of the case the second, fourth, and fifth of said grounds become immaterial and we will consider only the first and third, which involve the matters that are determinative of this appeal.

As to the first ground plaintiff admits that no prescriptive right can be based upon user prior to removal of the restrictions on the north 80, but insists that with the removal of such restrictions the user became adverse and that the provision for right of way in the deed conveying the north 20 acres of the 40-acre tract, though void, was color of title and evidence of claim of right. And by the third ground it is sought to discount the validity and effect of the grant of April 19, 1920, upon the alleged grounds that if executed same was ex parte and without consideration and a vain attempt to modify the original grant of right of way in the deed, and that Bowling never recognized the same. The latter contentions find no affirmative support in the evidence and the existence of any basis therefor is completely negatived by the testimony of the scrivener who testified that he prepared the instrument at the request of both grantor and grantee. His testimony stands uncontradicted.

While previous to removal of restrictions upon the north 80 the use of a way thereover could not in law be adverse, the continuation thereof after such removal under claim of right could and would be adverse and sufficient, if maintained the requisite length of time, to create a prescriptive right. But in order for this to occur it would be necessary that such claim of right be continuous and unbroken. Such cannot be the case where, as here, within the prescriptive period the claimant recognizes a superior right in another. This doctrine which is axiomatic is stated in 28 C. J. S. sec. 13, as follows:

"Where the person using the easement has, within the prescriptive period, acknowledged a superior right in the other party, such admission is fatal to his claim. . ."

If the attempted right of way provided in the deed to the 20 acres had been effective, thus giving to grantee a right thereto under contract, the subsequent grant which dealt with the same subject matter would supersede the former, because, as stated in Black on Rescission of Contracts (2d Ed.) sec. 530:

690

"Where the parties to an existing contract enter into a new agreement, completely covering the same subject matter, but containing terms which are inconsistent with those of the earlier contract, so that the two cannot stand together, the effect is to supersede and rescind the earlier contract, leaving the later agreement as the only agreement of the parties on the subject."

And in such case the former instrument, though of record, would not afford color to any claim asserted that was inconsistent with the latter instrument.

In the instant case the user exercised was entirely consistent with the rights granted in the instrument of April 19, 1920, and therefore was not adverse to any right of the grantor. And inasmuch as said instrument was of record at the time of the purchase of the premises by the defendant, such user could not operate as constructive notice of any right claimed inconsistent therewith. (Schlegel v. Kinzie, 158 Okla. 93, 12 P. 2d 223.)

The judgment of the district court is not reasonably supported by the evidence, and the same is reversed and the cause is remanded, with instructions that the same be dismissed.

HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.