**FANE DEVELOPMENT COMPANY, a corporation, Plaintiff in Error,**

v.

**Lucille TOWNSEND and Myrtle Dee Haight, Defendants in Error.**

**No. 39700.**

Supreme Court of Oklahoma.

Jan. 29, 1963.

Rehearing Denied April 2, 1963.

Application for Leave to File Second Petition for Rehearing Denied June 4, 1963.

Charles Hill Johns, Gomer Smith, Jr., Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by Henry B. Taliaferro, Jr., and Russell Thompson, Oklahoma City, for defendants in error.

DAVISON, Judge.

This is an appeal by Fane Development Company, a corporation, (defendant below and herein referred to as Fane) from a judgment in favor of Lucille Townsend and Myrtle Dee Haight (plaintiffs below.)

Trial was to the court without a jury and the judgment was a general finding whereby the title to certain lands located in Oklahoma County was quieted in the plaintiffs free and clear of all claims of Fane Development Company and another defendant, Margaret Elliott. Margaret Elliott did not appeal from the judgment.

The pleadings and evidence presented to the lower court the issue of the priority of the several contracts for purchase of the land which the opposing parties had secured from the owner.

Fane contends that the evidence was not sufficient to entitle the plaintiffs to any relief in a court of equity and that the judgment was contrary to the clear weight of the evidence and contrary to law. The record reflects that one John N. Evans was the owner of about 50 acres of land. On February 12, 1959, Evans and plaintiffs entered into a written contract for the sale and purchase of the land for $75,000, payable $15,000 on date of closing, which was to be within 120 days, and balance in installments, and that Evans was to satisfy the requirements of a previously prepared title opinion. This contract was not filed of record.

Thereafter Evans was approached by the defendant Margaret Elliott and one McCall and on Saturday, March 7, 1959, Evans and Elliott entered into a written contract for sale of the land for $80,000, payable when

the title was merchantable. This contract did not mention the contract that Evans had made with plaintiffs. Evans and his daughter and son-in-law testified that prior to signing the contract Evans told Elliott and McCall that he (Evans) had a prior contract of sale outstanding that had been signed on February 12, 1959, and if that contract went through then the deal with Elliott would not be any good, and further that Evans refused to give the names of the parties in the prior contract. On Monday morning, March 9, 1959, Evans met with Elliott and one Temple Thompson at the Liberty National Bank and Trust Company. It was stipulated that Thompson was the sole managing director of Fane Development Company. Evans testified that at that time he informed Elliott and Thompson of the existence of the prior contract of February 12, 1959, in substantially the same language as in his conversation with Elliott and McCall. At this meeting Elliott assigned her contract to Fane, and Evans executed a warranty deed conveying the land to Fane. This deed and a check for $2000 from Thompson to Evans and a draft for $78,000, drawn by Evans on Fane payable to Liberty National Bank and due in 105 days, was deposited for collection with Liberty National Bank and Trust Company. Neither item was collected or paid. An "Escrow Agreement and Additional Agreement" between Evans, Elliott and Fane, reciting the above instruments and containing some incidental provisions as to use of a water well and easement, and requiring complete performance by seller before completion of sale, was retained by Thompson.

The contract between Evans and Elliott was filed of record on March 20, 1959.

On April 13, 1959, the sale of the land to plaintiffs was completed by Evans conveying the property to the plaintiffs. In connection therewith Evans and plaintiffs executed a further agreement modifying their original agreement in some respects, as to payment of the sale price, and providing for contingencies arising during the prosecu-

tion of this quiet title action and upon either the success or failure of such action.

Elliott and McCall did not testify. Thompson was the only witness for the defendants and he stated that neither Evans nor Elliott advised him of the prior contract and that his first knowledge thereof was from an attorney for plaintiffs on April 13, 1959.

 As stated the judgment was a general finding in favor of plaintiffs. A general finding of the trial court in an action of equitable cognizance embodies a finding of everything necessary to sustain the judgment and same will not be disturbed unless it is clearly against the weight of the evidence. Bartlett v. Lashley, 204 Okl. 299, 229 P.2d 185.

Under this rule of law there was embodied in the judgment a finding that Evans told Elliott and Thompson about the prior contract of sale and that the agreements with Elliott and Fane were conditioned upon the prior contract with plaintiffs not being consummated.

 In Exchange Bank of Perry v. Nichols, 196 Okl. 283, 164 P.2d 867, 869, we stated:

"To constitute a 'bona fide purchaser' three things must exist: (a) a purchase in good faith; (b) for value; and (c) without notice. And where a subsequent purchaser interposes the defense of a bona fide purchaser, the burden is upon him to show a purchase for value, and, on his failure to do so, he cannot claim the benefits of a bona fide purchaser."

See also Luschen v. Stanton, 192 Okl. 454, 137 P.2d 567, and Lasswell v. Prairie Oil & Gas Co., 173 Okl. 278, 47 P.2d 598, 602.

 Fane objected to the admission of the testimony of Evans that he told Elliott and Thompson of the prior contract and argues here that it was incompetent because it repudiated Evans' contract with Elliott and Fane. It is our view that the

testimony was not evidence to alter the terms of those contracts but to prove the existence of a condition precedent to the taking effect of those contracts.

■ In Seidenbach's v. Loveless, Okl., 338 P.2d 882, this court held:

"[P]arol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of a written contract."

■■ There is no testimony controverting the testimony of Evans that he advised Elliott of the existence of the prior and outstanding contract for purchase of the land. The testimony is in conflict on the question of whether Thompson and Fane had notice of the existence of a prior contract. In Clark v. Addison, Okl., 311 P.2d 256, 263, we said:

" * * * The credibility of witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of the facts, whether court or jury, and are not questions of law for this Court on appeal. * * * "

It is our opinion that the judgment is not clearly against the weight of the evidence.

Fane also contends that its demurrer to plaintiffs' evidence should have been sustained. The basis of this contention is that Evans and plaintiffs completed their sale and purchase pursuant to their later contract of April 13, 1959, which was made at the time Evans conveyed the property to plaintiffs. Fane argues that the later contract superseded and rescinded the earlier contract of February 12, 1959, between Evans and plaintiffs, and left the later contract as the only agreement of Evans and plaintiffs on the subject. Citing Rose v. Roberts, 195 Okl. 687, 161 P.2d 851, and related cases, that a subsequent contract covering fully the subject matter of a former contract operates as a rescission of and substitute for such former contract. Fane concludes, in effect, that this situation results in plaintiffs' rights or interest under the earlier contract being abandoned or extinguished and makes Fane's contract rights superior to those of plaintiffs under the last contract.

Disregarding the effect, if any, of Fane's status as a non-bona fide purchaser, we will determine the validity of the contention from the standpoint of the proposition as presented by Fane. In Collins v. Chappell, Okl., 333 P.2d 578, the question presented was whether a later lease providing for a lesser royalty would, under the circumstances, by operation of law, extinguish an interest or estate developed under the prior lease, and in which we said:

"In order for the making of a second lease agreement by a landlord and tenant, and their compliance with its terms, to constitute, by operation of law, a surrender of their existing lease, to the extent of extinguishing an interest or estate developed thereunder, such acts must be inconsistent with a continuance of such interest or estate. * * "

■ It is obvious that the later contract of April 13, 1959, between Evans and plaintiffs was induced or prompted by reason of the Elliott and Fane agreements. It refers to and attaches the earlier contract as an Exhibit; mentions the Elliott and Fane transactions; expresses the desire of the parties to consummate the sale in accordance with the earlier contract, subject only to conditions in the later contract; and provides for immediate conveyance of the property to plaintiffs. The contract then provides for filing of the present action; for payment of $7500 to Evans and paying installments on an existing mortgage from the remaining $7500 portion of the $15,000 down payment; sharing of expenses of the present action; and a provision as to the adjustment of the respective pecuniary rights of the parties in the event of either success or failure of the action.

■ It is clear to us from the circumstances that produced the later agreement and from the provisions thereof that it was

neither the intent of the parties nor the purpose of such agreement to cancel or rescind the earlier contract. In 17 C.J.S. Contracts § 395, p. 886, it is stated:

"* * * A new contract with reference to the subject matter of a former one does not supersede the former and destroy its obligations, except in so far as the new one is inconsistent therewith, when it is evident from an inspection of the contracts and from an examination of the circumstances that the parties did not intend the new contract to supersede the old, but intended it as supplementary thereto. * * *"

The judgment of the lower court is affirmed.