James C. ELLIS and Wanda Lou Ellis, his wife, Plaintiffs-Appellants,

v.

ARKANSAS LOUISIANA GAS COMPANY, Defendant-Appellee.

No. 78–1453.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 11, 1979.

Decided Nov. 13, 1979.

Jack R. Bard, Oklahoma City, Okl. (Charles B. Grethen, Purcell, Okl., on the brief), for plaintiffs-appellants.

William D. Curlee of Lytle, Soule & Emery, Oklahoma City, Okl., for defendant-appellee.

Before DOYLE, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This appeal is from the judgment in a diversity suit brought by James C. and Wanda Lou Ellis against Arkansas Louisiana Gas Company (Arkla). Plaintiffs, who own the surface rights to certain land in Oklahoma, sought damages and injunctive relief for the allegedly unauthorized storage of natural gas by Arkla in strata underlying their property. Arkla was using the strata for storage under leases from the mineral fee owners.

The district court held that the mineral fee owners did not own the strata or have the right to lease it for storage and therefore could not give Arkla the right to storage use. The court also determined that an easement for pipelines and gas injection wells on the surface granted to Arkla by the Ellises did not give the right to store gas under that property. But the court found Arkla had acquired an easement by prescription for storing the gas. *Ellis v. Arkansas Louisiana Gas Co.*, 450 F.Supp. 412 (E.D.Okl.1978).

The issues on appeal concern only the court's conclusion that Arkla acquired a prescriptive easement. No one contests the other determinations.

Because the facts are fully described by the trial court in its memorandum opinion, 450 F.Supp. at 414–19, we will only summarize. In 1963 the Ellises acquired the surface rights to 76 acres of land in Pototonoc County, Oklahoma; in 1972 they acquired the surface rights to an additional 2½ acres. Severance of the surface and mineral estates had been effected by their predecessors in title in a series of conveyances, the last occurring in 1945. Prior to severance the owners of the tracts leased the right to produce natural gas from the underlying strata, and the natural gas was totally depleted by 1928. Since then the strata has been used for gas storage. The record contains gas storage leases, dated in 1946 and 1947 executed by the mineral interest owners, purporting to lease to Southwest Natural Gas Company the subsurface strata for the purpose of storing natural gas. The leases contained a 1978 expiration date. No surface owner participated in the execution of any gas storage lease. Arkla thereafter acquired Southwest's rights and has continuously used the substrata for gas storage since 1949. The gas storage lease under the larger tract was recorded in the office of the County Clerk of Pototonoc County in 1947; the lease under the smaller tract was similarly recorded in 1952.

In April 1976 Arkla brought a condemnation action in Oklahoma district court against several surface owners, including plaintiffs, seeking to acquire by condemnation the rights to subsurface storage. The Ellises brought the present suit against Arkla in June 1976 in state court, from which Arkla removed it to the United States district court.

I

Plaintiffs first contend the trial court erred in reaching the prescription issue, which was neither pleaded nor mentioned in the pretrial order. Arkla freely concedes the issue was not raised formally, but asserts the trial court correctly concluded the issue had been tried with the implied consent of the parties. *See* 450 F.Supp. at 423.

Fed.R.Civ.P. 15(b) provides, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Whether an issue was tried by implied consent is to be determined by the trial court, whose finding will not be disturbed absent a showing of abuse of discretion. *See deHaas v. Empire Petrol. Co.*, 435 F.2d 1223, 1229 (10th Cir. 1970); *Simms v. Andrews*, 118 F.2d 803, 807 (10th Cir. 1941). The test for determining whether the pleadings should be deemed amended is whether the opposing party had a fair opportunity to defend and whether it could offer additional evidence if the case were retried on the different theory. *deHaas*, 435 F.2d at 1229.

Pursuant to the trial court's request, and more than three weeks before trial, the parties filed proposed findings of fact and conclusions of law. Paragraph twelve of Arkla's proposed conclusions of law stated that

[e]xcept for the fact that defendant and its predecessors were using the well for gas injection and the Upper Cromwell Sand for gas storage under express grants from plaintiffs and their predecessors, *defendant long since would have acquired the prescriptive right to do so, all other elements of adverse possession having been shown by the evidence.*

(Emphasis added). This paragraph is sufficient to provide plaintiff with notice that evidence bearing on the prescriptive rights issue would be offered at trial by Arkla. Plaintiffs did not object to the proposed conclusion, or to the introduction at trial of substantial evidence directly relevant to this issue. Plaintiffs objected to the prescriptive rights consideration only in a post-trial brief solicited by the court. Although plaintiffs claim to be prejudiced by the court's consideration of the issue, they have not shown lack of a fair opportunity to defend or the existence of any evidence not already in the record that they would have introduced in opposition to the prescriptive easement theory.

■ Implied consent may not be inferred merely because evidence relevant to a properly pleaded issue incidentally tends to prove a fact not within the pleadings. *See Simms v. Andrews*, 118 F.2d 803, 807 (10th Cir. 1941). Plaintiffs apparently contend the evidence supporting the prescriptive rights claim was relevant to their request for injunctive relief, *i. e.*, whether Arkla's use of the storage strata was willful and continuing. Arkla admitted in its answer, however, that it had intentionally used the storage strata under the leases executed in 1946 and 1947. Thus, Arkla's willful use of the strata was never a contested matter. Moreover, most of the evidence relied upon by the court on the prescriptive issue was introduced by Arkla, not the plaintiffs, in support of its continuing assertion of the right to store the gas. 450 F.Supp. at 423. From our review of the record, we hold that the trial court did not abuse its discretion.

## II

Plaintiffs next contend that Arkla is estopped from claiming a prescriptive easement because of the doctrine of preclusion against inconsistent positions in judicial proceedings. In the state court condemnation proceeding Arkla alleged that the Ellises owned the interests in the storage strata at issue in this case. Applying the governing principles of Oklahoma law, we hold Arkla's claim is not barred.

■ To avoid repetitive litigation and to protect justifiable reliance on opposing parties' positions in litigation, the Oklahoma courts have fashioned the doctrine of preclusion against inconsistent positions in judicial proceedings. *See, e. g., State ex rel. Hunt v. Liberty Investors Life Ins. Co.*, 543 P.2d 1390 (Okl.1975); *Magnolia Petrol. Co. v. Ouart*, 200 Okl. 258, 192 P.2d 698 (1947). For a position asserted in one judicial proceeding to be barred because of litigation in a prior proceeding it must be shown that

" . . . (1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; and (6) it must appear unjust to one party to permit the other to change."

*Halliburton Co. v. Scroggins*, 520 P.2d 667, 669 (Okl.1974), quoting 28 Am.Jur.2d *Estoppel and Waiver* § 70.

■ We think the positions are not clearly inconsistent. Arkla's claim for the underground storage rights was only for a limited period expiring in 1978, measured by the length of the term in its leases from the mineral estate owners. It made no claim of a right to possess beyond that date without a new lease from an appropriate lessor or the condemnation judgment. It is simply trying to avoid liability for the storage use before the 1978 expiration date. Also, Arkla's allegation in the condemnation case that the Ellises owned the storage strata or an interest therein does not necessarily exclude the assertion of its ownership of an easement. An easement by definition is an interest in property owned by someone else. 2 American Law of Property § 8.4 (A. J. Casner ed. 1952).

Further, there is no evidence plaintiffs were misled or changed positions. Plaintiffs' assertion they would not have incurred the expenses of maintaining the present action had not Arkla included them in the condemnation proceeding is without

merit. It amounts to an argument they would have acquiesced in Arkla's continued possession had not Arkla called their rights to their attention, and now Arkla should be punished for having done so. Considering that Arkla undoubtedly had discovered the unsettled state of the Oklahoma law concerning who had the right to lease the strata for storage, and its lease from the mineral estate owners was about to expire, Arkla took the only prudent course by joining the Ellises in its condemnation action when it could not acquire their interests by purchase. This is not a case in which the doctrine of preclusion against inconsistent positions should apply.

### III

Finally, plaintiffs contend the trial court's determination that Arkla acquired an easement by prescription was clearly erroneous. We do not agree.

■ Under Oklahoma law, an easement may be created by prescription. *Frater Okla. Realty Corp. v. Allen Laughon Hardware Co.*, 206 Okl. 666, 245 P.2d 1144, 1147 (1952). The elements that must be shown are generally the same as required for claiming acquisition of a fee simple title by adverse possession. *Zimmerman v. Newport*, 416 P.2d 622, 629 (Okl.1966). In the instant case the trial court found that

> [t]he evidence of knowledge on the part of plaintiffs and their predecessors in title of actual, adverse, open, notorious, peaceable, exclusive and hostile possession by defendant of the Ada Gas Storage Facility for a period of time far in excess of 15 years is overwhelming.

450 F.Supp. at 425. This finding will not be disturbed unless it is shown to be clearly erroneous. Fed.R.Civ.P. 52(a).

Plaintiffs argue that Arkla's possession of the storage strata was not hostile to the true owners, relying on *Chapman v. Tiger*, 356 P.2d 571 (Okl.1960). *Chapman*, however, was a tacking case wherein the court held that time served as a tenant under a lease from a nonowner could not be added to his subsequent possession of the land as fee owner under a void tax deed. In the

instant case Arkla entered under color of title—its own leases from the mineral estate owners—never claiming more than its rights under the leases, and occupied thereunder for more than fifteen years contrary to the true owners' rights to possession of the substrata. *Cf. Brewster v. Herron*, 267 P.2d 143 (Okl.1952) (possession under a deed purporting to convey title is holding adversely under color of title).

■ Prescriptive easements may be acquired for different durations. *See* 25 Am. Jur.2d *Easements & Licenses* § 99 (1966). In this case, Arkla's claim under color of title was limited to the terms of the leases; thus, the prescriptive easement would be limited to that period also. *See* Restatement of Property § 461 (1944). While occupancy by Arkla as tenant might assist its lessors to establish fee ownership to the substrata, *see Christ Church Pentecostal v. Richterberg*, 334 F.2d 869 (10th Cir. 1964); *Redwine v. King*, 366 P.2d 921 (Okl.1961), we have before us only the claim of the tenant to be free of liability to plaintiffs for its occupancy.

■ The evidence recited in the trial court's opinion of the open, continuous, adverse and notorious nature of the possession is very strong. *See* 450 F.Supp. at 424. We do not consider Arkla's providing free gas to the surface dwelling as constituting recognition of the surface owners' superior rights in the storage strata, or as rendering such possession nonexclusive. The provision of free gas apparently derived from a 1916 lease (according to Mr. Ellis' testimony) or from a requirement in the mineral estate owners' 1947 lease to Arkla to supply a house on the surface. Ellis testified at trial the free gas was not paid by Arkla for his continuing consent to storage. That Arkla provided gas to the surface owner does not amount to sharing possession and control of the gas stored under the ground.

■ The offer to buy gas storage rights from the surface owners in 1973 or 1974 may be construed as an offer to settle rather than litigate the respective rights of the parties. But even if it is not so con-

strued, the offer was made after the prescriptive period had run. An offer to purchase or an admission of superior position made during the prescriptive period may be fatal to a claim of adverse possession, *Rose v. Roberts,* 195 Okl. 687, 161 P.2d 851, 853 (1945), but not if made after the period has run, 28 C.J.S. *Easements* § 13f (1941). Such conduct is admissible evidence on the question of hostility, *id.,* but we cannot say the trial court's finding of hostility was clearly erroneous.

Plaintiffs also contend that Arkla's acquisition from them in 1967 of an easement for pipelines and injection wells on the surface of the larger tract evidences lack of hostility concerning the storage strata. This argument is without merit. As found by the trial court, even if plaintiffs did not own the storage strata Arkla would have had to secure the rights from plaintiff to use the surface in this manner.

Finally, plaintiffs contend there was no evidence that Arkla's use of the storage strata under the second and smaller tract, acquired by plaintiffs in 1972, was open, visible and notorious. The court found, however, that Arkla actually possessed the strata under both tracts and that plaintiffs and their predecessors knew of the gas storage use. Also Arkla was claiming under color of title based upon two recorded leases, one for each tract. Even though no evidence was adduced to show open and visible use of the smaller tract, the court could justifiably conclude that plaintiffs had sufficient notice of the possession of the gas storage strata to satisfy this requirement. *See* 25 Am.Jur.2d *Easements & Licenses* § 60 (1966).

AFFIRMED.