McKAY, Circuit Judge.
Appellants hold mortgages against the property of bankrupt Santa Fe Downs, Incorporated. In bankruptcy court, the trustee was successful in voiding the mortgages as preferences. The district court upheld the bankruptcy court’s determination. On appeal, the mortgagees challenge, among other things, the bankruptcy court’s refusal to dismiss the suit for failure to show a “right to relief.” Fed.R.Civ.P. 41(b). We believe this challenge to be meritorious and dispositive of the case. We therefore reverse.
The trustee’s complaint stated that suit was “brought to declare liens null and void pursuant to § 67(a)(1) of the Bankruptcy Act” as then constituted. Record, vol. 1, at 133. Section 67(a)(1) is directed at liens “obtained by attachment, judgment, levy, or other legal or equitable process or proceedings.” 11 U.S.C. § 107(a)(1). It clearly is not concerned with consensual liens, such as mortgages, which are generally attacked under the voidable preferences section, § 60, of the Act. 11 U.S.C. § 96(b). Section 60 requires a showing of the lien-holder’s knowledge of insolvency while § 67(a)(1) does not. When the trustee sought to introduce evidence of such knowledge, the mortgagees properly objected that the evidence was outside the pleadings. Record, vol. 2, at 49. Later, at the close of the trustee’s case, mortgagees moved under Fed.R.Civ.P. 41(b) for dismissal, again emphasizing the trustee’s failure to show the existence of any lien vulnerable under § 67(a)(1). Record, vol. 2, at 77-80. At no time did the trustee make an attempt to amend the pleadings to conform to the evidence.
We cannot say that the incorrect statutory citation was an unimportant detail implicitly corrected by the facts alleged in the complaint. Indeed, the alleged facts do not make out a § 60 claim: knowledge of insolvency is not alleged, and the mortgages are identified only as “liens,” Record, vol. 1, at 133-38, a usage compatible with either § 60 or §' 67(a)(1). The trustee is, of course, correct that the Federal Rules of Civil Procedure abolished full fact pleading. Record, vol. 2, at 85. However, a fundamental statutory citation is not a mere fact and, if incorrect, may topple the structure of the complaint, particularly where the citation appears to represent the legal theory upon which the plaintiff relies. Even were the improper citation only a “typographical error,” as the trustee asserts, Record, vol. 2, at 85, it gave the appearance of accuracy— it suggested a relevant legal theory and it was not clearly contradicted elsewhere. Moreover, it was never corrected. A defendant is entitled to some notice of the case against him. The importance of the citation here precludes our dismissing the error as a mere technicality. We are left to determine only whether the error was implicitly corrected by the evidence admitted at the hearing.
*817 The explicit language of Fed.R.Civ.P. 15(b)[1] precludes our implying an amendment to the pleadings in this case. It is true that Rule 15(b) mandates liberal amendments to conform pleadings to the evidence. Such amendments may be made at any time, even after judgment. Formal amendment is often unnecessary: “failure so to amend does not affect the result of the trial” on issues not raised by the pleadings if the issues are tried by “express or implied consent.” However, Rule 15(b) makes no provision for automatic amendment when, as here, proper objections are made to the admission of evidence.[2]
We have little doubt that Rule 15(b) would have required the bankruptcy judge to grant the amendment upon proper request. The mortgagees almost certainly could not have demonstrated the prejudice necessary to justify a denial of a requested amendment. But even if the lack of prejudice would justify granting a request to amend, it does not, under the language of the Rule, constitute an independent basis for implying an amendment when proper objections have been made.[3] “Where evidence has been admitted over objection and the pleadings have not been amended, no amendment can be implied.” 3 Moore’s Federal Practice ¶ 15.13[2], at 15-177 (2d ed. 1979).
Our disposition of this case may appear formalistic in contrast to the purpose of Rule 15(b) “to avoid the tyranny of formalism.” 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491, at 454 (1971). We are unwilling, however, to abolish the already minimal procedural requirements of the Rule. The deficiency in the complaint was repeatedly pointed out to the trustee. Reading only half of Rule 15(b), the trustee apparently believed that “sufficient evidence” had been introduced to constitute an amendment. Record, vol. 2, at 86. We see no justification for protecting the trustee from his own legal error, which could have been so easily remedied below.
With the complaint standing as written, the trustee showed no “right to relief.” Fed.R.Civ.P. 41(b).
REVERSED.

. Rule 15(b) reads:
AMENDMENTS TO CONFORM TO THE EVIDENCE. When .issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

. Although the trial court has discretion to determine whether an issue was tried by implied consent, see Ellis v. Arkansas Louisiana Gas Co., 609 F.2d 436 (10th Cir. 1979), no such determination was made here. Moreover, the court could not properly have made such a determination given the absolutely clear objections by the mortgagees.

. Cf. Decker v. Korth, 219 F.2d 732, 739 (10th Cir.), cert. denied, 350 U.S. 830, 76 S.Ct. 61, 100 L.Ed. 740 (1955); Underwriters Salvage Co. v. Davis & Shaw Furniture Co., 198 F.2d 450, 453 (10th Cir. 1952). In those cases, we presumed an amendment of the pleadings to conform to evidence that had been introduced without objection at trial.