Ann D. LAIRD, Plaintiff Below, Appellant,

v.

Robert W. BUCKLEY and Chong H. Un, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Dec. 3, 1987.
Decided: April 11, 1988.

Richard D. Allen (argued), and Jeffrey S. Welch, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellant.

Charles H. Toliver, IV (argued), and Robert D. Goldberg, of Biggs & Battaglia, and John J. Polk (argued), Deputy Atty. Gen., Dept. of Justice, Wilmington, for defendants below, appellees.

Before CHRISTIE, C.J., HORSEY, J., and JACOBS, V.C., [sitting by designation pursuant to Del. Const art. IV, § 12].

CHRISTIE, Chief Justice:

This case stems from a wrongful death action brought by the plaintiff/appellant, Ann D. Laird, against Venkataramana Naidu (Dr. Naidu) and defendants/appellees Robert W. Buckley (Dr. Buckley) and Chong H. Un (Dr. Un) who were psychiatrists employed at the Delaware State Hos-

pital (DSH).[1] On September 6, 1977, Mrs. Laird's husband, George W. Laird, was killed when his vehicle collided with a vehicle driven by Hilton W. Putney (Putney). Putney, who has a long history of mental illness, apparently drove his automobile deliberately into Mr. Laird's vehicle. At the time of the accident, Putney was in a psychotic state. Putney was charged with manslaughter but found not guilty by reason of insanity. Five and one-half months prior to the fatal accident, Putney had been treated for a seventh time at DSH. At that time, Dr. Naidu was a staff psychiatrist, Dr. Un was the Acting Clinical Director, and Dr. Buckley was the Medical Director at DSH. Mrs. Laird alleged that the defendants were grossly negligent[2] in the care, treatment, and discharge of Putney from DSH and that such gross negligence was a proximate cause of her husband's death.

On November 21, 1986, a Superior Court jury returned a special verdict in favor of Mrs. Laird and against Dr. Naidu in which it concluded that Dr. Naidu was grossly negligent and that such gross negligence was a proximate cause of Mr. Laird's death. The jury awarded Mrs. Laird damages in the amount of $1.4 million. The jury found in favor of the other defendants, Drs. Buckley and Un, the appellees in this appeal.

Two days before the verdict was rendered and after the close of all evidence, the trial judge held a conference with the attorneys to discuss the jury instructions proposed by the parties. The jury instructions proposed by Mrs. Laird included instructions dealing with the specific allegation that Dr. Un was "grossly negligent in directing the transfer of Mr. Putney from the admission ward to a treatment ward without consultation or communication with the treating physician." At the conference, counsel for Dr. Un objected to that part of the proposed jury instruction on the ground that this specific allegation of gross negligence was not contained in the original or either of two amended complaints nor was it set forth in the pretrial order entered by the trial court. The trial court ruled against giving a jury instruction on this specific allegation of gross negligence.[3]

Plaintiff moved immediately for leave to amend the complaint to add this specific allegation of gross negligence, and the Superior Court denied the motion.

1. The original complaint named as defendants the Department of Health and Social Services and the Delaware State Hospital. The claims against the State agencies were subsequently dismissed on the grounds of sovereign immunity. *Laird v. State,* Del.Super., No. 79C–JA–97, Taylor, J. (Jan. 12, 1982), *aff'd,* Del.Supr., 499 A.2d 1175 (1985).

2. The original complaint was based on allegations of simple negligence but was subsequently amended with permission of the Superior Court.

3. The charge that was submitted to the jury as to Dr. Un's and Dr. Buckley's alleged gross negligence read, in pertinent part:

Plaintiff contends that Dr. Un was grossly negligent in each of the following ways: as the supervisor of Dr. Naidu and the person in the position to follow Mr. Putney's treatment throughout that hospitalization, in failing to take action to prevent or correct the grossly negligent conduct of Dr. Naidu, which plaintiff alleges (was) individually grossly negligent, and; in failing at the discharge meeting to exercise his right and duty to correct an improper discharge decision and, as a result, in failing to commit Mr. Putney involuntarily on March 22, 1977, in presiding at the March 22, 1977 discharge meeting and permitting the unconditional discharge of Mr. Putney from the Delaware State Hospital on a high dosage of medication and permitting the discharge of Mr. Putney without placement in a program involving continuity of care and regular and frequent supervision and therapy, placement in a state out-patient program, transfer to a V.A. in-patient facility, or arrangement for an earlier out-patient V.A. appointment, and in failing to require others to follow up or inquire about Mr. Putney after his discharge. Plaintiff contends that Dr. Buckley was grossly negligent in each of the following ways: in failing to supervise, as he was obligated to do, Dr. Naidu, who was practicing under an institutional license; in failing to properly exercise his responsibility for supervision of Dr. Naidu and Dr. Un at the Delaware State Hospital, thereby permitting the acts of gross negligence by Dr. Naidu and Dr. Un alleged above. Plaintiff also contends that Dr. Buckley is directly chargeable with all acts of gross negligence of Dr. Naidu because Dr. Naidu was to practice under Dr. Buckley's supervision.

Plaintiff contends that the trial court abused its discretion by denying the proposed amendment to the complaint because the issue had been raised and tried without objection and defendants had made no claim that they would be prejudiced by such an amendment.[4] We find no abuse of discretion and no reversible error. Therefore, we affirm the rulings of the Superior Court.

■ Delaware law requires negligence to be pleaded with particularity. Super.Ct. Civ.R. 9(b); *Chesapeake & Potomac Tel. v. Chesapeake Util.*, Del.Supr., 436 A.2d 314, 338 (1981). Superior Court Civil Rule 15(b) also states:

(b) *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the Court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The right to amend a pleading to conform to the evidence submitted at trial lies within the sound discretion of the trial judge, and a ruling on this issue is reviewable only for an abuse of that discretion. *Mergenthaler, Inc. v. Jefferson*, Del.Supr.,

332 A.2d 396, 398 (1975). While Rule 15 provides in effect that amendments of the pleadings are to be freely granted, it remains a discretionary matter for the judge. *Bellanca Corp. v. Bellanca*, Del.Supr., 169 A.2d 620, 622 (1961).

In this case, plaintiff had already been permitted to amend her complaint twice. The second amended complaint contained nine specific allegations of Dr. Un's gross negligence. None of these allegations specifically concerned the transfer of Putney between wards at DSH. In addition, the pretrial stipulation prepared and signed by the parties and approved by the Superior Court contained ten specific issues of gross negligence to be tried. Again, none of these specifically referred to the transfer of Putney. In this case, which had undergone extensive and presumably complete discovery, it cannot be said that the trial court abused its discretion by refusing to grant plaintiff leave to amend her complaint further. The extensive efforts by the court and counsel to frame the issues provided plaintiff with ample opportunity to include all alleged specifications of gross negligence. The allegations which were presented to the jury gave the jury ample opportunity to consider the defendant's overall performance as it related to the death of Mr. Laird, and there is a serious question as to whether the additional charge would have been appropriate.

■ A fair reading of the record does not support plaintiff's contention that the issue, as a distinct issue, had in fact been tried by implied consent. Rather, the substance of the testimony concerning the transfer of Putney from one hospital ward to another and the manner in which it was elicited militates against the contention that the issue was actually tried by implied consent. In arguing that the issue was so tried and that the defendants were not surprised by the issue, plaintiff relies primarily on the trial and pretrial testimony of her expert witness, Dr. V. Terrell Davis.

---

**4.** The proposed amendment dealt specifically with an allegation of gross negligence by Dr. Un. Dr. Buckley is also an appellee because, as plaintiff contends, had Dr. Un been found grossly negligent, a jury could have found Dr. Buckley guilty of gross negligence for failing to exercise his responsibility for supervision of Dr. Un.

Dr. Davis answered a plethora of questions asked by both plaintiff's and defendants' counsel concerning specific acts of the defendants which he considered to be grossly negligent. The failure to object to the few indirect questions asked by plaintiff's counsel concerning the transfer of Putney, which fell within Dr. Davis' lengthy and extensive trial testimony, did not rise to the level of implied consent. *See, e.g., Southwestern Stationery & Bank Supply v. Harris Corp.*, 10th Cir., 624 F.2d 168, 171 (1980) (general failure to object to evidence did not connote implied consent); *MBI Motor Co. v. Lotus/East, Inc.*, 6th Cir. 506 F.2d 709, 711 (1974) (implied consent to the trial of an unpleaded issue was not established merely because evidence relevant to that issue was introduced without objection). Dr. Davis also asserted in his affidavit that the transfer was a factor he considered in arriving at the opinion that the defendants were grossly negligent in the care and discharge of Putney. But Dr. Davis' listing of the relevant factors he considered in arriving at his opinion does not necessarily elevate these factors to issues the parties consented to try as a separate allegation of gross negligence.

■ Defendants' counsel also pursued a line of questioning at trial which dealt with Putney's transfer but only for the limited purpose of impeaching Dr. Davis' credibility by contrasting it with different testimony on the same subject given at his deposition. Credibility and the impeachment thereof are relevant issues at trial and may involve lines of questioning broader than the properly pleaded allegations of gross negligence. However, questioning a witness about a particular instance of alleged gross negligence for purposes of impeaching the credibility of that witness does not necessarily elevate that instance of alleged gross negligence to an issue the parties consented to try. *See MBI Motor Co. v. Lotus/East, Inc.*, 506 F.2d at 711 (it must appear that parties understood evidence introduced without objection was aimed at the unpleaded issue in order to constitute implied consent); *cf. Southwestern Stationery & Bank Supply v. Harris Corp.*, 624 F.2d at 171 (implied consent not inferred because evidence relevant to a properly pleaded issue also incidentally tends to prove fact not pleaded) (quoting *Ellis v. Arkansas Louisiana Gas Co.*, 10th Cir., 609 F.2d 436 (1979)). Rather, in the context of this lengthy trial involving numerous explicit allegations of gross negligence, failure to object to the very limited line of questioning which dealt with Putney's transfer between wards did not constitute implied consent and failure to give a separate charge on it did not amount to reversible error. The failure of the Superior Court to grant plaintiff's motion to amend her complaint and the refusal of the court to charge the jury as to this alleged instance of gross negligence did not constitute reversible error.

AFFIRMED.